PER CURIAM.
The appellant was tried before the court and convicted of the offense of robbery. On appeal he argued the trial court committed error by refusing to exclude the testimony of the victim, the principal witness for the state. The ground for seeking to exclude such testimony was that the witness had failed to appear prior to trial for a deposition which had been sought by the defendant, for which the witness had been subpoenaed.
When the case was called for trial the defendant’s attorney informed the court of this situation, and announced he was ready to proceed only if the testimony of such witness would be excluded. Thereupon the court recessed the cause to afford defendant’s attorney time to interview the witness. At the conclusion of the recess period, and in response to a question from the court the defendant’s attorney announced he was ready to proceed.
Appellant’s brief makes reference to the case of Ramirez v. State, Fla.App.1970, 241 So.2d 744, wherein it was held that refusal of the trial court to exclude the testimony of a non-listed witness is error only if it is shown to have prejudiced the defendant in preparation for trial. Appellant contends that the refusal of the court to exclude the testimony of the victim in this case was prejudicial without showing in what respect it so operated. We agree with the position of the state that the record fails to disclose such prejudice. Compare Richardson v. State, Fla.1971, 246 So.2d 771. No reversible error having been shown, the judgment is affirmed.