HENDRY, Judge.
Appellant, defendant in the trial court, seeks review of a conviction and sentence of forty years for robbery following a jury trial.
Defendant was arrested and charged by information on October 17, 1972 with robbery of $75,000.00 cash from Wells Fargo guards who were making a delivery of the money to a Sears warehouse. On October 10, one week prior to the filing of the information, the defendant filed a demand for a speedy trial. On October 18, the court granted defendant’s motion for pretrial discovery, which invoked the reciprocal discovery provision of local criminal court of record Rule 4. The court also granted defendant’s motion to take pretrial depositions. The state did not comply, and on November 16 the defendant moved for an order to compel the state to provide reciprocal discovery pursuant to the rule.
On November 21, the defense motion was granted, and the state was given 24 hours to comply. The next day, defense counsel received by mail two witness lists *430 containing 36 names of prospective witnesses for the state. The following four days, November 23 through November 26 were official Thanksgiving holidays. At trial on November 27, the defendant moved to exclude the testimony of the state’s witnesses, and alternatively moved for a continuance, to strike the defendant’s speedy trial demand or to withdraw it, and to permit counsel to withdraw. The defendant argued that inasmuch as the state had failed to provide a list of 36 witnesses until the business day next preceding trial, there was insufficient time to take depositions. The defendant also contended that if he were forced to proceed to trial without a continuance, he would be deprived of a competent defense and due process of law. The court denied the motions because of the speedy trial demand previously made by the defendant. The court also refused to permit defense counsel to withdraw the speedy trial demand upon objections of the state and refused a continuance or to permit counsel to withdraw.
We have considered the record, briefs and arguments of counsel and have concluded that the court’s failure to grant a continuance, or, in the alternative, to determine whether the state’s non-compliance with Florida R.Cr.P. 3.220, 33 F.S.A., resulted in harm or prejudice to the defendant constitutes reversible error.
Our Supreme Court has recently reconsidered the question of the state’s failure to comply with the discovery requirements of Rule 3.220. The Supreme Court again said that while a trial judge has discretion to exclude witnesses or to grant continuances due to the state’s noncompliance with the rule, the trial judge must first determine whether or not the failure of the state to comply with the rule would in any way be harmful or prejudicial to the defendant. Bradford v. State, Fla.1973, 278 So.2d 624.
In Bradford, Justice Dekle’s opinion for the court placed firm reliance upon an earlier Supreme Court case, Richardson v. State, Fla.1971, 246 So.2d 771, 775 in which the court stated that the discretion of the trial judge in granting a continuance may be properly exercised:
“ . . . only after the court has made an adequate inquiry into all of the surrounding circumstances. Without intending to limit the nature or scope of such inquiry, we think it would undoubtedly cover at least such questions as whether the state’s violation was inadvertent or wilful, whether the violation was trivial or substantial, and most importantly, what effect, if any, did it have upon the ability of the defendant to properly prepare for trial.”
The court added that in those cases where the court determines that the state’s non-compliance with Rule 3.220 has not prejudiced the ability of the defendant to properly prepare for trial, the circumstances establishing non-prejudice must affirmatively appear in the record.
In the case sub judice the trial judge relied upon the defendant’s demand for a speedy trial as grounds for denying a continuance and refused to permit the defendant to withdraw his demand. This clearly was error. The Supreme Court has held that a demand for speedy trial which is filed prior to the information is a nullity. State ex rel. Hanks v. Goodman (Fla.1971), 253 So.2d 129; see also, State ex rel. Novak v. Sepe (Fla.App.1971), 253 So.2d 454; State ex rel. Dennis v. Morphonios (Fla.App.1971), 252 So.2d 845.
The state maintains that no showing of prejudice was made in fact before the trial judge because the state informed the court that defense counsel was present at a preliminary hearing, when three of the main prosecution witnesses testified, and at four bond hearings.
However, where a witness list containing 36 witnesses was provided defense counsel on the business day before trial, we do not think that the fact defense counsel knew of three, affirmatively establishes *431 a lack of prejudice to the defendant. See Ramirez v. State (Fla.App.1970), 241 So.2d 744; Carnivale v. State (Fla.App.1973), 271 So.2d 793.
The state also argues that the defendant waived his objection to the belated witness list because he invoked local criminal court Rule 4 at his arraignment. Local Rule 4 in effect at the time of the defendant’s trial [1] provided that if either the state or defense failed to comply with the rule’s discovery provisions, the opposing party must within five (5) days from the last day of required compliance make a motion with the court to compel compliance or “he shall be deemed to have waived his objection t0 the failure to make discovery by non-complying party.”
The state points out that Rule 4 once in-yoked gave the state five (5) days from *432 the date of defendant’s arraignment (October 18) to comply, and the defendant had another five days to file a motion to compel. However, the defendant did not file such a motion until November 16.
We have concluded that the defendant did not waive his right to discovery of the state’s witnesses. There was no such waiver provision in R.Cr.P. 3.220(e) in effect when the defendant’s trial took place, and in this respect local Rule 4 is in apparent conflict.
The state has cited to us, Ramirez v. Sate, supra, where the Fourth District Court of Appeal, by obiter dictum, stated: [2]
“A shrewd defense counsel, aware that no response whatever had been made to his offer to exchange witnesses, would simpfy wait until the jury had been im-panelled and sworn so that jeopardy attached to his client, and would then effectively exclude the state’s entire case.”
Significantly, in Ramirez, on the second day of his trial, the defendant made an oral motion to exclude the testimony of the state’s third witness due to the state’s failure to furnish a witness list. The trial court denied the motion, and the Fourth District Court reversed and remanded for a new trial. We agree with the court’s assessment that Rule 3.220 was “an enlightened step in the continuing efforts to improve our system of criminal justice.”
In this light, we do not feel that the defendant waived his right to a list of 36 witnesses where there is no affirmative showing that the defendant would not be prejudiced in his right to a fair trial and to due process. See Braswell v. Wainwright, 463 F.2d 1148, 1155 (5th Cir. 1972).
Defense counsel’s failure to file a motion to compel until November 16 does not alone support a finding that the defendant did not have a bona fide interest in obtaining a list of witnesses. As the court in Ramirez suggested, while it may have been practical for the defense attorney to pick up the telephone and call the state to remind the prosecuting attorney of his mandatory obligation under the rule, the facts in this case fail to show that the defense was acting in bad faith.
Therefore, for the reasons stated, the judgment of conviction and the sentence are reversed and the cause is remanded with directions to grant the defendant a new trial.
Reversed and remanded with directions.

. Since the date of defendant’s trial, we note that a new local Rule 4 has been promulgated substantially changing the old local Rule 4. The new local rules took effect April 23, 1973 following the effective date of the new Florida CrPR on February 1, 1973. The text of the new Rule 4 is as follows:
“STANDARD MOTION RULE ON RECIPROCAL DISCOVERY
“(a) The defendant or his attorney may elect to invoke this standard motion rule for reciprocal discovery at the time of arraignment only. If the defendant or his attorney desires the discovery under Section 3.220(a), (1), (ii), (x), (xi), CrPR in addition to all other discovery provided by Section 3.220 CrPR, the defendant or his attorney at time of arraignment may invoke this Rule for reciprocal discovery and shall be required to provide the State the discovery required by CrPR 3.220(b), (4) within five (5) days following receipt by the defendant of the corresponding disclosure from the State, and the said five (5) days shall not include the day of the receipt of such disclosure from the State, nor Saturdays, Sundays or holidays. If the defendant or his attorney fails to comply with CrPR 3.-220(b), (4), the Court may take the appropriate action provided by CrPR 3.220(j), (1) & (2).
“Whenever Local Rule 4 is invoked at time of arraignment, all appropriate time periods provided in CrPR for filing motions and answers thereto and notices of hearing are waived.
“(b) Whenever the Court grants the motion under Local Court Rule 4 at time of arraignment, such order granting reciprocal discovery shall also require the defendant or his attorney to comply with CrPR 3.220 and CrPR 3.210. Failure of either party to comply with the orders under this paragraph shall be treated as provided by CrPR 3.220 (j), (1) & (2).
“(c) Under this Rule, the Court may order depositions to be taken upon oral request by the defendant or his attorney without the necessity of issuing praecipes for witness subpoenas or any further notice to either side other than the date, time and place at which the deposition of the witness to be deposed is to be taken. The Court may designate the date, time and place for the taking of such depositions as the ends of justice require.”
The text of the old Rule 4 is:
“STANDARD MOTION RULE ON RECIPROCAL DISCOVERY
“In all cases in which the Defendant or his attorney elect to invoke this Standard Motion Rule at arraignment, the State and the Defendant shall comply with the below listed orders without motion, notice or hearing by either party. If either party fails to comply with said orders, the opposing party must within five (5) days from the last day of required compliance move the Court to compel compliance with this rule or he shall be deemed to have waived his objection to the failure to make discovery by the non-complying party. If the noncomplying party fails without just cause to comply with a second Court Order on Discovery, he shall be prohibited from calling a witness not disclosed or introducing in evidence the material not disclosed.
“ORDER ON MUTUAL EXCHANGE OF WITNESS LISTS
“It is hereby ORDERED and ADJUDGED, pursuant to Rule 1.220(f) of the Florida Rules of Criminal Procedure:
“ (1) That the State on or before ten (10) day after arraignment in bond cases and five (5) days after arraignment in jail eases, shall file with the Clerk of this Court and furnish to the Defendant a list of all witnesses with their addresses known to the prosecuting attorney to have information which may be relevant to the offense charged, and to any defense of the Defendant with respect thereto;
“(2) That the Defendant within five (5) days after receipt of the above State’s witness list, the Defendant shall file with the Clerk of this Court and furnish to the prosecuting attorney a list of all witnesses with their addresses whom the Defendant expects to call at the trial of the cause.
(( * * * ft

. (Fla.App.1970) 241 So.2d 744, 746.