## STATE OF FLORIDA v GAUTHIER

## Case No. 87-0077AC (County Court Case No. 87-010102MM10)

Seventeenth Judicial Circuit, Broward County

July 10, 1989

### APPEARANCES OF COUNSEL

**James P. McLane,** Assistant State Attorney, for appellant.

**John G. George,** for appellee.

### OPINION OF THE COURT

ROBERT B. CARNEY, Circuit Judge.

THIS CAUSE having come before this Court upon Appellant's appeal of the Trial Court's Order to Discharge for Speedy Trial pursuant to Florida Rule of Criminal Procedure 3.191(a)(2), and the Court having received and reviewed appellate briefs, and being fully advised in the premises, makes the following findings of facts and conclusions of law:

### FINDINGS OF FACTS:

1. On or about March 16, 1986 the Appellee was arrested and charged by information with driving under the influence and driving while his license was revoked or suspended, contrary to Florida Statute 316.193 and 322.34.

2. On April 15, 1987 the State nole prosequi the March 16 information. A month later, on May 7, 1987 Appellee filed a demand for speedy trial pursuant to Fla. Rule of Crim. Proc. 3.191(2)(2).

3. The State refiled its information on May 13, 1987. On August 14, 1987 Appellee filed for a motion for discharge for denial of a speedy trial. An Order granting the discharge was filed on August 21, 1987.

## BASED ON THE FOREGOING THIS COURT MAKES THE FOLLOWING CONCLUSIONS OF LAW:

A. The Trial Court's grant of Appellee's discharge pursuant to Fla. Rule Crim. Proc. 3.191(a)(2) for denial of a speedy trial was reversible error. A defendant is unable to demand a speedy trial prior to the filing of an information or indictment. *State ex rel. Butler v Cullen,* 253 So.2d 861 (Fla. 1971), *State v Rembert,* 284 So.2d 428 (Fla. 3d DCA 1973), *State v Branam,* 434 So.2d 950 (Fla. 2d DCA 1983). In the present case an information was filed on March 16, 1987. However, the State's filing of the nole prosequi on April 15, 1987 served to purge the record.

B. Appellee filed the demand for speedy trial on May 7, 1987, six (6) days prior to the State's refiling of the information. Filing a demand for speedy trial prior to the filing of the information is a nullity. *Stte v Hill,* 299 So.2d 625 (Fla. 1st DCA 1974), *State v Smith,* 444 So.2d 542 (Fla. 1st DCA 1984). Therefore the Appellee's demand for speedy trial did not operate to commence running of the time period under the Speedy Trial rule. Since there was no information in existence at the time the demand was filed on May 7, the demand is in essence a nullity.

WHEREFORE, it is ORDERED AND ADJUDGED that the Trial Court's Order Discharging the Appellee is hereby reversed.

DONE AND ORDERED in Chambers, at the Broward County Courthouse, 201 Southeast Sixth Street, Fort Lauderdale, Broward County, Florida 33301, this 10th day of July, 1989.