241 So.2d 744 (1970)
David Henry RAMIREZ, Appellant,
v.
STATE of Florida, Appellee.
No. 69-268.
District Court of Appeal of Florida, Fourth District.
October 14, 1970.
Rehearing Denied December 29, 1970.
*745 Ray Sandstrom, of Sandstrom & Hodge, Fort Lauderdale, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Rodney Durrance, Jr., and J. Terrell Williams, Asst. Attys. Gen., West Palm Beach, for appellee.
OWEN, Judge.
On this direct appeal from a conviction of possession of marijuana appellant raises several points but we find that one presents reversible error and merits discussion so we have not passed upon the remainder.
Approximately two months prior to trial the defendant chose to activate the provisions of Rule 1.220(e) CrPR, 33 F.S.A.[1] by filing in writing an offer to furnish to the prosecuting attorney a list of witnesses whom the defendant expected to call at the trial. The prosecuting attorney failed to comply with the requirements of the rule, in that he neither furnished a list of witnesses to the defendant nor sought to obtain a protective order from the court. During the second day of the trial while the third witness for the state was testifying, defendant's counsel for the first time called to the court's attention the state's noncompliance with the rule and at that time made an oral motion for the court to prohibit the witness from further testifying. There followed a colloquy between the court and counsel from which it affirmatively appears that the state's noncompliance was through oversight. The court then required the state to announce in open court all of its remaining *746 witnesses, following which the defendant's motion was denied. Defendant unsuccessfully made an identical motion as to each subsequent witness whom the state called, including one whose name had not been included on the list which the prosecuting attorney had orally announced in court. The defendant assigns error to the court's rulings which permitted these several witnesses to testify over the defendant's objections.
Once a defendant chooses to activate Rule 1.220(e) it becomes mandatory for the prosecuting attorney to comply with the rule. Richardson v. State, Fla.App. 1970, 233 So.2d 868; Cacciatore v. State, Fla.App. 1969, 226 So.2d 137. In the case at bar the prosecuting attorney was clearly guilty of noncompliance with the rule, albeit through oversight rather than bad faith. We are faced with the question of whether the prosecuting attorney's failure to comply with the rule necessarily requires the trial court to exclude any testimony on behalf of the state, or whether the trial court is vested with discretion in the matter. If the trial court does have discretion, a subsidiary question is whether in this case there was an abuse of such discretion.
We think it manifestly clear that the trial court does have discretion to permit the testimony of a witness even though the name and/or address of such witness was not furnished by the state to the defendant as required by the rule. That the court is vested with such discretion not only has been recognized by each of the other three district courts of appeal, Howard v. State, First District Court of Appeal, 239 So.2d 83 opinion filed August 18, 1970; Buttler v. State, Third District Court of Appeal, 238 So.2d 313, opinion filed August 4, 1970; Richardson v. State, supra; Rhome v. State, Fla.App. 1969, 222 So.2d 431; but also is expressly provided by Rule 1.220(g).[2]
Appellant's contention that the state's noncompliance with the rule entitles defendant, as a matter of right, to have the non-listed witness excluded from testifying, is not tenable. The rule was designed to furnish a defendant with information and thus improve our system of criminal justice. Clearly, it was never intended to furnish a defendant with a procedural device to escape justice, yet such a result would be inescapable if the state's noncompliance with Rule 1.220(e) necessarily required that the testimony of all of the state's witnesses be excluded. A shrewd defense counsel, aware that no response whatever had been made to his offer to exchange witnesses, would simply wait until the jury had been impanelled and sworn so that jeopardy attached to his client, and would then effectively exclude the state's entire case. This elevates form above substance and defeats the purpose of the rules to provide for the just determination of every criminal proceeding as expressed in Rule 1.020 CrPR.
We turn to a consideration of whether the court abused its discretion in the instant case.
*747 The whole purpose behind the adoption of Rule 1.220 CrPR, providing for discovery, was to make available to the defendant discovery procedures which theretofore either were unavailable to a defendant or were available only within the discretion of the court. This was an enlightened step in the continuing efforts to improve our system of criminal justice. The rule should be applied in practice to carry out its intended purpose.
With this preamble, we look at subparagraph (e) providing for the exchange of the names of witnesses. The defendant who elects to activate this provision by filing the necessary offer in writing presumably has a bona fide desire to know in advance of trial the names of all persons known to the prosecuting attorney to have information which may be relevant either to the offense charged or to any defense available to the defendant. Upon being furnished such information, the defendant who is diligent and desires to do so can obtain written statements from the persons whose names have been thus furnished or in the event of their lack of cooperation, can apply to the court for an order permitting the taking of the deposition of such person or persons. By utilizing the discovery available to him, the defendant eliminates the likelihood of surprise at trial and is better enabled to plan his defense. Clearly then, the prosecuting attorney's failure to provide the list of witnesses could hamper or prejudice seriously the defendant's ability to prepare for trial.
Looking momentarily at the other side of the coin, it is self-evident that if the defendant on his counsel had actual knowledge of the names of each of the state's witnesses a sufficient time in advance of the trial so as to prepare as fully as would have been the case had the list been properly furnished, the failure of the prosecuting attorney to file a formal list of such witnesses would not affect the defendant's ability to prepare for trial. And even though the rule places no affirmative duty upon a defendant to make some inquiry as to why a prosecuting attorney has failed to timely respond to the defendant's offer to exchange lists of witnesses, the defendant who has a bona fide desire to obtain such information may find it very practical to simply pick up the telephone and remind the prosecuting attorney of the latter's failure to comply with the mandatory requirements of the rule. This would likely be productive of the information desired or if not, it would be rather compelling evidence that the state's noncompliance was due to bad faith rather than mere inadvertence. The defendant who receives no response to the written offer, and makes no effort to determine why, may bring into question whether his interest is bona fide. In any event, common sense should tell him that the state's failure to respond does not warrant the assumption that the state does not expect to call any witnesses at the trial.
The point is that if, during the course of the proceedings, it is brought to the attention of the trial court that the state has failed to comply with Rule 1.220(e) CrPR, the court's discretion can be properly exercised only after the court has made an adequate inquiry into all of the surrounding circumstances. Without intending to limit the nature or scope of such inquiry, we think it would undoubtedly cover at least such questions as whether the state's violation was inadvertent or wilful, whether the violation was trivial or substantial, and most importantly, what effect, if any, did it have upon the ability of the defendant to properly prepare for trial.
Once the court has considered all of the circumstances, it has authority to enter such order as it deems just. Rule 1.220(g) CrPR. However, in those cases where the court determines that the state's noncompliance with the rule has not prejudiced the ability of the defendant to properly *748 prepare for trial, we deem it essential that the circumstances establishing non-prejudice to the defendant affirmatively appear in the record. In the cases of Buttler v. State, supra; Richardson v. State, supra; and Newman v. State, Fla. 1967, 196 So.2d 897, the determination that the state's failure (to furnish the defendant with information on witnesses) was non-prejudicial to the defendant appears to have been based upon the finding that such non-prejudice to the defendant affirmatively appeared in the record.
The record in the case at bar fails to affirmatively establish that the defendant or his attorney had actual knowledge prior to trial of those persons whose names should have been furnished by the prosecuting attorney under the rule, or any other basis upon which we can assay for ourselves a lack of prejudice resulting to the defendant from the state's noncompliance. The state's complete (although inadvertent) failure to respond to the offer to exchange witnesses would appear on its face to have reduced the defendant's ability to prepare for trial, and in the absence from the record of some affirmative showing to the contrary, leads us to the conclusion that the defendant was prejudiced. This is fortified by an examination of the colloquy between court and defendant's counsel which occurred at the time the defendant first brought to the court's attention the state's noncompliance with the rule, wherein the defendant's counsel asserted that some of the state's witnesses were not theretofore known to him. We feel that the ends of justice would best be served by granting the defendant a new trial.
Reversed and remanded for a new trial.
WALDEN, J., concurs.
CROSS, C.J., concurs only in conclusion.
NOTES
[1] Rule 1.220(e) Exchange of Witness Lists. "In addition to, or instead of, the practice described in Rule 1.220(d) when a person is charged with an offense he may at any time after the filing of the indictment or information against him, or the affidavit upon which the defendant is to be tried, file in the cause an offer in writing (a copy of which offer shall be furnished to the prosecuting attorney) to furnish to the prosecuting attorney a list of all witnesses with their addresses and whereabouts if known whom the defendant expects to call as defense witnesses at the trial, whereupon, within five days after receipt of same by the prosecuting attorney, or within six days after the mailing of same to the prosecuting attorney, whichever shall be earlier, the prosecuting attorney shall file with the clerk and furnish to the person charged, a list of all witnesses known to the prosecuting attorney to have information which may be relevant to the offense charged, and to any defense of the person charged with respect thereto; and, within five days after the prosecuting attorney files with the clerk and furnishes such list of witnesses to the defendant, or within six days after the mailing of same to the defendant, whichever shall be earlier, the defendant shall file with the clerk and furnish to the prosecuting attorney a list of all witnesses whom the defendant expects to call as defense witnesses at the trial.

"The prosecuting attorney may, prior to filing his list of witnesses, move the court for a protective order as provided in subsection (h) of this rule. The filing of a motion for a protective order will automatically stay the times provided for in this subsection. If a protective order is granted the defendant may, within two days thereafter, or at any time before the prosecuting attorney files a list as required herein, withdraw his offer and not be required to furnish his list of witnesses."
[2] Rule 1.220(g) "Continuing Duty to Disclose; Failure to Comply. If, subsequent to compliance with an offer or order for discovery under these rules, and prior to or during trial, a party discovers additional material which he would have been under a duty to disclose or produce at the time of such previous compliance, if it was then known to the party he shall promptly notify the other party or his attorney of the existence of the additional material in the same manner as required under these rules for initial discovery. If, at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection of materials not previously disclosed, grant a continuance, or prohibit the party from calling a witness not disclosed, or introducing in evidence the material not disclosed, or it may enter such other order as it deems just under the circumstances."