278 So.2d 624 (1973)
Ronald D. BRADFORD, Petitioner,
v.
STATE of Florida, Respondent.
No. 42964.
Supreme Court of Florida.
May 30, 1973.
Charles W. Musgrove, Public Defender, for petitioner.
Robert L. Shevin, Atty. Gen., and Andrew I. Friedrich, Asst. Atty. Gen., for respondent.
DEKLE, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Fourth, reported at 266 So.2d 416. Our jurisdiction is based upon conflict between this case and Richardson v. State, 246 So.2d 771 (Fla. 1971). Fla. Const. art. V, § 3(b)(3) (1973), F.S.A. We dispensed with oral argument as unnecessary. See F.A.R., Rule 3.10(e), 32 F.S.A.
In a criminal information, the State alleged that the defendant, an adult male, "did handle, fondle or make an assault upon a male child under the age of fourteen (14) years ... in a lewd, lascivious or indecent manner" contrary to Fla. Stat. § 800.04, F.S.A. The defendant was tried before a jury and convicted.
Prior to the commencement of trial, the defendant presented a motion pursuant to Rule 3.220, Fla.R.Crim.P., 33 F.S.A., to exchange witness lists. This motion was granted and both the State and the defendant exchanged witness lists in accordance with the rule. During the trial, however, the defendant's counsel sought to delay the trial, as authorized by Rule 3.220(g), because his client, the defendant, just three hours before the motion to delay was made, had given him the names of two witnesses not included on the defendant's witness list. The State objected to the delay *625 on the ground that the State had not earlier been offered the names of these two witnesses. The trial court, without any inquiry into the circumstances surrounding this late disclosure, summarily denied the defendant's motion to delay, thus excluding the testimony of the two witnesses the defendant wished to call, on the ground that the names were untimely furnished to the State.
It is the position of the defendant that the trial court's refusal to grant his motion for a delay, thus excluding the testimony of the witnesses whose names were untimely furnished, constituted an abuse of discretion. The defendant argues that the trial court was obligated to make a full inquiry into the circumstances surrounding this late disclosure prior to his ruling which excluded these witnesses and that his failure to do so was contrary to Richardson v. State, supra; Ramirez v. State, 241 So.2d 744 (Fla.App. 4th 1970), and Wilson v. State, 220 So.2d 426 (Fla. App.3d 1969). In response, the State contends that the trial court's ruling was in compliance with Richardson, supra, and Cacciatore v. State, 226 So.2d 137 (Fla. App.3d 1969). We must agree with defendant's position.
In Cacciatore, the Third District held that the trial court did not abuse its discretion in excluding the testimony of three of five witnesses the defendant attempted to call. It appears that the basis for this decision was the fact that the defendant, after invoking Rule 3.220, had failed to comply with its requirements. Even assuming that the defendant's failure to comply with the rule in Cacciatore was the fact that the names of the witnesses excluded were not included on the witness list supplied to the State, and the decision is not clear on this point, Cacciatore is no longer controlling. The Cacciatore decision was rendered in 1969, one year before Ramirez and two years before our decision in Richardson.
In Richardson and Ramirez the State failed to comply with the requirements of Rule 3.220, and yet the State's witnesses were allowed to testify. On appeal, it was held in both cases that the State's failure to comply did not ipso facto constitute grounds for a reversal. It was pointed out, that while the trial judge has the discretion to exclude witnesses not included on witness lists exchanged under the rule, the trial judge must first determine whether or not the failure of the State to comply with the rule would in any way be harmful or prejudicial to the defendant. Quoting from Ramirez, we stated in Richardson that the discretion of the trial judge may be exercised:[1]
"... only after the court has made an adequate inquiry into all of the surrounding circumstances. Without intending to limit the nature or scope of such inquiry, we think it would undoubtedly cover at least such questions as whether the state's violation was inadvertent or wilful, whether the violation was trivial or substantial, and most importantly, what effect, if any, did it have upon the ability of the defendant to properly prepare for trial."
In Wilson v. State, supra, the public defender, not the State, failed to provide any witness list after making a Rule 3.220 motion. During the trial the defendant attempted to introduce one witness but because the witness' name had not been supplied to the State the trial court refused to allow the witness to testify. On appeal to the Third District Court of Appeal, it was held that the trial judge had abused his discretion in excluding the witness. The District Court based its decision upon two grounds: (1) the necessity that a defendant charged with a serious crime be able to produce evidence material to his case, and (2) the fact that the defendant was made to suffer for the dereliction of responsibility by state furnished defense counsel.
*626 While the Richardson and Ramirez cases deal with the failure of the State to comply with Rule 3.220, and Wilson involves a dereliction of responsibility by defense counsel, all three cases make it clear that in order to prevent placing form over substance it is necessary that the trial judge determine more than just the fact that the names of witnesses offered by the defendant (or the State) were not included on the witness lists exchanged under Rule 3.220. Reliance upon anything in Cacciatore to the contrary by the State is therefore no longer supported by the law in Florida.
Upon the record before us, it is clear that the trial court based its ruling solely upon the fact that the names of the witnesses the defendant attempted to call were not included on the witness list supplied by the defendant to the State, without any inquiry into the circumstances surrounding this failure to comply with Rule 3.220. We hold that the failure of the trial court to inquire into these circumstances constituted error. By virtue of our holding, there is no need to reach the other contentions raised by the defendant.
Accordingly, the decision of the district court is quashed and the cause remanded to the Fourth District Court of Appeal with instructions further to remand the same to the trial court for a new trial not inconsistent herewith.
It is so ordered.
CARLTON, C.J., and ROBERTS, ERVIN and ADKINS, JJ., concur.
NOTES
[1] Richardson v. State, 246 So.2d 771, 775 (Fla. 1971).