353 So.2d 205 (1977)
Charles SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 77-772.
District Court of Appeal of Florida, Second District.
December 21, 1977.
*206 Jack O. Johnson, Public Defender, Bartow, and Douglas A. Wallace, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Appellant/defendant contends the trial court erred in excluding the testimony of a defense witness whose name was not included on the witness lists exchanged pursuant to Fla.R.Crim.P. 3.220 without first making an adequate inquiry into all the surrounding circumstances.
The defendant was tried by a jury on a charge of aggravated assault. At trial the defense called Mrs. Jeannette Smith as a witness. Her name had not been included on the witness list provided to the state pursuant to Fla.R.Crim.P. 3.220.[1] The prosecutor *207 pointed out the failure of the defense to disclose this witness to the state, and defense counsel candidly admitted that he had inadvertently failed to include Mrs. Smith on the witness list. The state objected to allowing this witness to testify. The defense made no proffer of the witness' testimony, and without further inquiry into the circumstances surrounding the failure to comply with the rule the court sustained the state's objection.
Fla.R.Crim.P. 3.220 provides that the trial court has the discretion to exclude witnesses not included on the witness lists.[2] However, the Supreme Court of Florida has held that this discretion may be exercised only after the court has made an adequate inquiry into all of the surrounding circumstances, and failure of the trial court to inquire into these circumstances constitutes error. Bradford v. State, 278 So.2d 624 (Fla. 1973); Richardson v. State, 246 So.2d 771 (Fla. 1971). The inquiry should at least cover whether the violation was inadvertent or willful, whether it was trivial or substantial, the extent of prejudice to the state, and the feasibility of rectifying any prejudice by some means short of excluding the witness. Bradford, supra; Williams v. State, 264 So.2d 106 (Fla. 4th DCA 1972).
The importance of the omitted witnesses should also, we feel, be taken into consideration.
We therefore hold that the trial court abused its discretion in excluding Mrs. Smith's testimony without first inquiring into all the surrounding circumstances. The failure of the trial judge to make such inquiry, however, does not require vacation of the judgment and sentence at this time. Barnes v. State, 294 So.2d 679 (Fla. 2d DCA 1974).
Accordingly, we temporarily relinquish jurisdiction of the cause to the trial court for a period of 45 days from the date of issuance of our mandate. The trial court shall hold a hearing inquiring into the circumstances surrounding defense counsel's failure to comply with Fla.R.Crim.P. 3.220. The court shall enter an order stating its findings and ruling on whether the state's objection at trial was well taken. Thereafter, within the said 45-day period, the court shall transmit to this court a transcript of the hearing, and a certified copy of its findings and ruling on the state's objection. We will thereafter give further consideration to the question raised by this appeal.
GRIMES, Acting C.J., and DANAHY, J., concur.
NOTES
[1] Fla.R.Crim.P. 3.220 provides in pertinent part as follows:

(a)(1) After the filing of the indictment or information, within fifteen days after written demand by the defendant, the prosecutor shall disclose to defense counsel ... the following information ... within the State's possession or control:
(i) The names and addresses of all persons known to the prosecutor to have information which may be relevant to the offense charged, and to any defense with respect thereto.
* * * * * *
(b)(3) Within seven days after receipt by defense counsel of the list of names and addresses furnished by the prosecutor pursuant to Section (a)(1)(i) of this Rule the defense counsel shall furnish to the prosecutor a written list of all witnesses whom the defense counsel expects to call as witnesses at the trial or hearing.
* * * * * *
(f) Continuing Duty to Disclose. If, subsequent to compliance with the rules, a party discovers additional witnesses or material which he would have been under a duty to disclose or produce at the time of such previous compliance, he shall promptly disclose or produce such witnesses or material in the same manner as required under those rules for initial discovery.
[2] Fla.R.Crim.P. 3.220(j)(1) provides:

If, at any time during the course of the proceedings, it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or with an order issued pursuant to an applicable discovery rule, the court may order such party to comply with the discovery or inspection of materials not previously disclosed or produced, grant a continuance, grant a mistrial, prohibit the party from calling a witness not disclosed or introducing in evidence the material not disclosed, or enter such other order as it deems just under the circumstances.