SCHEB, Judge.
Appellant contends the trial court erred in refusing to hear proffered testimony from police witnesses at a hearing on his motion to suppress his confession. We agree.
The state’s information charged appellant with the robbery of Tony Lee. Appellant moved to suppress the confession he gave to police officers concerning this offense. At the hearing counsel for the state and counsel for appellant stipulated that the trial court could consider testimony of two police officers in a prior suppression hearing in another case, where the state had also charged appellant with robbery. After reviewing the record of the prior hearing, counsel for appellant asked the court to allow two police officers — apparently the same ones who had appeared in the other hearing — to testify. Counsel represented to the court that the officers had procured appellant’s confession with the inducement that if he talked to them about the robberies, the state would drop an unrelated criminal charge against him. At this point the trial judge said that he found no need for the officers to testify and denied appellant’s motion to suppress. Appellant then entered a plea of nolo contendere reserving the right to appeal the denial of his motion.
The trial court should have heard the testimony of the two officers upon request by appellant. The burden of proving that a confession has been freely and voluntarily given rests upon the state. Reddish v. State, 167 So.2d 858 (Fla.1964). The trial court must consider the “totality of circumstances” surrounding a confession, and since the proffered testimony would have gone to the issue of voluntariness we believe the *444 trial court should have considered it. Williams v. State, 188 So.2d 320 (Fla. 2d DCA 1966).
The failure of the trial court to consider the officers’ testimony, however, does not require that we vacate the judgment and sentence at this time. See Smith v. State, 353 So.2d 205 (Fla. 2d DCA, filed Dec. 21, 1977). Instead we temporarily relinquish jurisdiction of this cause to the trial court for 45 days from the date this opinion becomes final. Within the first 30 days of this period the trial court shall hold a hearing to consider the testimony of the two officers as well as the stipulated testimony relevant to the issue of voluntariness of appellant’s confession, and enter an order stating its findings and ruling on appellant’s motion to suppress.[1] Appellant shall within the remaining period furnish this court a transcript of the hearing and a certified copy of the court’s order. Thereafter, we will give further consideration to the questions raised by this appeal.
RYDER and DANAHY, JJ., concur.

. The court may also wish to reconsider the correctness of having sentenced appellant to imprisonment at “hard labor” in view of our decision in Brooks v. State, 349 So.2d 794 (Fla. 2d DCA 1977), and the numerous other decisions from this court on that point.