366 So.2d 1236 (1979)
Lawrence ADAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 78-653.
District Court of Appeal of Florida, Second District.
January 31, 1979.
*1237 Jack O. Johnson, Public Defender, Paul C. Helm, Asst. Public Defender, and David Wm. Boone, Legal Intern, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
Appellant argues that the trial court erred in excluding witnesses which he wished to present at trial. After a careful consideration of the arguments on both sides, we have concluded that we must agree. Accordingly we reverse.
The state charged appellant with tampering with a witness and battery. At trial Otis Burdette testified that he met appellant in a Fort Meade service station. After they talked for a few moments, appellant, without provocation, hit him. Burdett also testified that at the time of this incident, he was scheduled to be a witness against appellant in an upcoming criminal trial.[1] None of the other state witnesses testified that they saw appellant hit Burdette.
Appellant testified in his own behalf. He stated that Burdette cursed him, spit on him and shoved him. Appellant tried to retreat, but when Burdette attempted to hit him, he struck Burdette.
Just before appellant's trial began, the prosecutor asked the court to exclude several defense witnesses because defense counsel had failed to disclose their names until that day. Defense counsel opposed this motion, saying that appellant had earlier informed him of the names but that he had not found out what they were going to say until late the previous Friday (trial began on Monday). The court then announced that it would not allow the witnesses to testify.
Later, during trial, defense counsel asked the court to reconsider its decision and allow some of the excluded witnesses to testify. Counsel said that in support of the defense's position they would testify as to the events which occurred at the service station.[2] Counsel also further explained his failure to give the witnesses' names to the state by saying that someone in his office had put a memorandum containing the names in his file and that he had only recently noticed it. The court, however, reaffirmed its earlier ruling and refused to allow the witnesses to testify. Thereafter, the jury returned its verdict finding appellant guilty as charged.
In reversing the trial court, we need only turn to our decision in Smith v. State, 353 So.2d 205 (Fla. 2d DCA 1977). In that opinion, Judge Scheb, writing for the court, said,
Fla.R.Crim.P. 3.220 provides that the trial court has the discretion to exclude witnesses not included on the witness lists. However, the Supreme Court of Florida has held that this discretion may be exercised only after the court has made an adequate inquiry into all of the surrounding circumstances, and failure of the trial court to inquire into these circumstances constitutes error. Bradford v. State, 278 So.2d 624 (Fla. 1973); Richardson v. State, 246 So.2d 771 (Fla. 1971). The inquiry should at least cover whether the violation was inadvertent or willful, whether it was trivial or substantial, the extent of prejudice to the state, and the feasibility of rectifying any prejudice by some means short of excluding the witness. Bradford, supra; Williams v. State, 264 So.2d 106 (Fla. 4th DCA 1972). The importance of the omitted witnesses should also, we feel, be taken into consideration.
353 So.2d at 207. We believe that the trial court's inquiry into whether the witnesses should be allowed to testify fell far short of the standards set out above. The court failed to ascertain the extent to which the state was prejudiced by the failure to disclose. Also the court made no search for a *1238 manner in which to rectify any possible prejudice short of the exclusion.
Moreover, where the court did make inquiry, the answers it received favored inclusion and not exclusion. The failure to disclose clearly was not willful and the witnesses were, just as clearly, very important. The testimony of appellant and Burdette was in direct conflict and the stories of any other eyewitnesses to the brawl surely would have assisted the jury in determining what actually happened at that service station.
In view of what we have said, it is obvious that we think appellant deserves a new trial in this case.[3] Therefore we remand the case to the court below for that purpose.
GRIMES, C.J., and SCHEB, J., concur.
NOTES
[1] For a further discussion of that trial, see Adams v. State, ___ So.2d ___ (Fla. 2d DCA 1979).
[2] Subsequently, the court ordered depositions of the excluded witnesses for it to consider in connection with appellant's motion for a new trial. The depositions of three of the witnesses substantiated appellant's version of the incident. The court denied appellant's motion for a new trial.
[3] We have considered appellant's other point on appeal and find no need to discuss it in view of our disposition of this case.