372 So.2d 86 (1979)
Charles SMITH, Petitioner,
v.
STATE of Florida, Respondent.
No. 54586.
Supreme Court of Florida.
June 7, 1979.
*87 Robert E. Jagger, Public Defender, Clearwater, and R. Pierce Kelley, Jr., Asst. Public Defender, New Port Richey, for petitioner.
Jim Smith, Atty. Gen., and William I. Munsey, Jr., and C. Marie King, Asst. Attys. Gen., Tampa, for respondent.
SUNDBERG, Justice.
This cause is before us on petition for writ of certiorari to review the decisions of the District Court of Appeal, Second District, reported at 353 So.2d 205 and 359 So.2d 42, which in concert allegedly conflict with Land v. State, 293 So.2d 704 (Fla. 1974). We must determine whether the rule of law established in Richardson v. State, 246 So.2d 771 (Fla. 1971), and its progeny is satisfied by a district court remand to the trial court to conduct a Richardson inquiry more than one year after the original trial. We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution.
On December 3, 1976, a jury found petitioner guilty of aggravated assault. During trial the defense called Mrs. Jeannette Smith as a witness. Her name had not been included on the witness list provided to the state pursuant to rule 3.220 of the Florida Rules of Criminal Procedure.[1] Respondent pointed out the discovery violation and objected to the introduction of Mrs. Smith's testimony. Petitioner's counsel candidly admitted that he had inadvertently failed to include Mrs. Smith on the witness list. Without further inquiry into the circumstances surrounding the discovery violation, the court sustained respondent's objection and excluded Mrs. Smith's testimony.
*88 On appeal the District Court of Appeal, Second District, held that the trial court abused its discretion in failing to conduct a Richardson inquiry and temporarily relinquished jurisdiction for that purpose.[2] The trial court held a hearing on May 19, 1978, and found that: (1) the discovery violation, although inadvertent, was substantial since it prevented the state from interviewing the witness before trial and gathering rebuttal evidence; (2) Mrs. Smith's testimony was only tangentially significant and its introduction would not have resulted in a different verdict; and (3) exclusion of the witness's testimony was the only way to rectify the prejudice occasioned by the discovery violation. After reassuming jurisdiction, the district court affirmed petitioner's conviction and sentence without opinion.[3]Land v. State on the other hand, as amplified in Wilcox v. State, 367 So.2d 1020 (Fla. 1979), held that this type of post-trial hearing was inadequate to protect the rights of a criminal defendant.
Petitioner contends that the trial court's failure to conduct a Richardson inquiry at the time of trial constitutes reversible error which cannot be remedied by an isolated evidentiary hearing. Respondent counters with the assertion that such a post-trial hearing into the circumstances surrounding a discovery violation is sufficient to cure the court's Richardson violation. For the following reasons, we agree with petitioner's contention.
A Richardson inquiry is designed to ferret out procedural prejudice occasioned by a party's discovery violation. Wilcox v. State, supra. In ascertaining whether this type of prejudice exists in a given case, a trial court must be cognizant of two separate but interrelated aspects. First, the judge must decide whether the discovery violation prevented the aggrieved party from properly preparing for trial. Second, the judge must determine the appropriate sanction to invoke for the violation. Id.
We are convinced that a post-trial hearing of the sort conducted in this case is inadequate to satisfy the objectives of a Richardson inquiry. The deficiencies in this procedure are apparent. In the illusive search for past prejudice, the trial court is charged with the task of resurrecting the events and circumstances of a trial which may have taken place long ago.[4] The reliability of the findings of such a hearing must be suspect, for they are necessarily based on hearsay, conflicting recollections and summarized and paraphrased information.[5] Instead of a vigorous investigation into the circumstances surrounding a discovery violation, a Richardson inquiry after remand from the appellate court is reduced to a mere guessing game.
A post-trial Richardson inquiry is not only likely to be unreliable, it fosters piecemeal litigation as well. Where hearings come after trial, the possibility exists that judges, already concerned with congested court dockets, might become less sensitive to due process considerations. Land v. State, 293 So.2d at 708; accord, Greene v. State, 351 So.2d 941 (Fla. 1977). Moreover, as we recognized in Land and Wilcox, it would be difficult at best for a trial judge to determine the thorny question of prejudice in an isolated Richardson hearing without the possibility of being subconsciously affected by a jury's prior judgment of guilt.
Equally fundamental to our decision today is the fact that the policies underlying rule 3.220 cannot be fully effectuated if the Richardson inquiry is held after trial. Subsections (j)(1) and (2) of rule 3.220 authorize the imposition of a broad spectrum of sanctions, ranging from an order to comply, to *89 exclusion of evidence, to even a mistrial.[6] Prejudice is often averted at trial through the simple expedient of a recess to permit the questioning or deposition of witnesses. Obviously, the rule is designed to afford a trial judge wide latitude in tailoring a sanction to the peculiar circumstances of a given case. But when the inquiry is held for the first time after remand from the appellate court, the range of options available under subsection (j) is narrowed to a determination of the propriety of the sanction imposed at trial, a sanction which, of course, was invoked without the aid of a contemporaneous Richardson inquiry. Hence, the procedure employed in the case before us would eviscerate the flexibility contemplated under subsection (j).
Finally, the question arises whether we will be "inviting error" on the part of defense counsel if we disapprove the use of post-trial Richardson hearings. This fear rests on two assumptions: (1) that defense counsel will engage in calculated perfidy by intentionally violating the discovery rules, and (2) that judges and prosecutors will be inattentive to the discovery violations and unfamiliar with the Richardson line of cases. We are loathe to ground a decision on assumptions so at odds with our concept of the calibre of the members of The Florida Bar. Furthermore, prior decisions of this Court and the district courts of appeal have granted retrials based on a trial court's failure to conduct a Richardson inquiry after a defense discovery violation, and we are aware of no evidence to show that these decisions have engendered dishonest defense practices.[7]
Accordingly, the writ of certiorari is granted, the decision of the District Court of Appeal, Second District, is quashed, and this cause is remanded to the district court with instructions to remand to the Circuit Court for Pasco County for proceedings not inconsistent with this opinion.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD and HATCHETT, JJ., concur.
OVERTON, J., dissents, "on the ground that I find the Court to be without jurisdiction in this case."
ALDERMAN, J., dissents.
NOTES
[1] Florida Rule of Criminal Procedure 3.220 provides in pertinent part:

(a) Prosecutor's Obligation.
(1) After the filing of the indictment or information, within fifteen days after written demand by the defendant, the prosecutor shall disclose to defense counsel and permit him to inspect, copy, test and photograph, the following information and material within the State's possession or control:
(i) The names and addresses of all persons known to the prosecutor to have information which may be relevant to the offense charged, and to any defense with respect thereto.
.....
(b)(3) Within seven days after receipt by defense counsel of the list of names and addresses furnished by the prosecutor pursuant to Section (a)(1)(i) of this Rule the defense counsel shall furnish to the prosecutor a written list of all witnesses whom the defense counsel expects to call as witnesses at the trial or hearing... .
.....
(f) Continuing Duty to Disclose. If, subsequent to compliance with the rules, a party discovers additional witnesses or material which he would have been under a duty to disclose or produce at the time of such previous compliance, he shall promptly disclose or produce such witnesses or material in the same manner as required under these rules for initial discovery.
[2] Smith v. State, 353 So.2d 205 (Fla. 2d DCA 1977).
[3] Smith v. State, 359 So.2d 42 (Fla. 2d DCA 1978).
[4] On pages 26-27 in the transcript of the Richardson hearing, the trial judge notes the difficulty in attempting to reconstruct accurately the events at trial.
[5] In Haist v. Scarp, 366 So.2d 402 (Fla. 1978), employing much of the same reasoning found in this opinion, we held that a trial judge was not required to hold a post-trial hearing for the purpose of establishing a record on appeal.
[6] Sanctions.
(1) If, at any time during the course of the proceedings, it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or with an order issued pursuant to an applicable discovery rule, the court may order such party to comply with the discovery or inspection of materials not previously disclosed or produced, grant a continuance, grant a mistrial, prohibit the party from calling a witness not disclosed or introducing in evidence the material not disclosed, or enter such other order as it deems just under the circumstances.
(2) Willful violation by counsel of an applicable discovery rule, or an order issued pursuant thereto, may subject counsel to appropriate sanctions by the court.
[7] See, e.g., Bradford v. State, 278 So.2d 624 (Fla. 1973); Streeter v. State, 323 So.2d 16 (Fla. 3d DCA 1975); Williams v. State, 264 So.2d 106 (Fla. 4th DCA 1972).