OTT, Judge.
Appellant appeals his 1974 conviction for escape,[1] alleging that the trial court erred when it allowed the testimony of prosecution witnesses who had not been included in the state’s response to a demand for discovery without first having conducted an on-the-record inquiry into all of the circumstances surrounding the state’s noncompliance with the discovery rule. We agree and reverse.
Appellant was charged with having escaped from the DeSoto Correctional Institution while serving a sentence for breaking and entering. Prior to trial defense counsel filed a demand for discovery pursuant to Rule 3.220(a)(l)(i), Fla.R.Crim.P., seeking, inter alia, a list of the witnesses the prosecution intended to call at trial. The prosecution responded with a list of three witnesses.
At trial the first witness called by the prosecution had not been included on the list and defense counsel immediately objected. A bench conference was then held off the record, at the conclusion of which defense counsel renewed his objection contending that he had been prejudiced in his ability to properly prepare for trial. Observing that defense counsel had been given *61 an opportunity to interview the witness,[2] the trial judge allowed the testimony. Thereafter, the prosecution called six more witnesses, only one of which had been included in its response to the demand for discovery. Although defense counsel again stated that he was objecting to the testimony of all witnesses who had not been included in the witness list, all but one were allowed to testify. No further inquiries, either on or off the record, were held.
The discovery rule requires the prosecution to furnish, upon written demand by the defendant, “[t]hé names and addresses of all persons known to the prosecutor to have information which may be relevant to the offense charged, and to any defense with respect thereto.” Once noncompliance with this rule has been brought up to the trial judge’s attention, he is required to conduct an on-the-record inquiry into the circumstances surrounding noncompliance in order to determine. whether or not there has been prejudice to the defendant. Richardson v. State, 246 So.2d 771 (Fla.1971). The failure of the trial judge in the instant case to conduct such an inquiry on the record constitutes reversible error.
Since the objectives of the Richardson inquiry are to ferret out procedural prejudice and to determine the appropriate sanction to invoke for the violation, a remand at this point, some five years after trial, for the purpose of conducting such an inquiry would be wholly inadequate. Smith v. State, 372 So.2d 86 (Fla.1979). Therefore, the judgment of conviction is set aside- and the case is remanded for a new trial.
BOARDMAN, Acting C. J., and RYDER, J., concur.

. This is a belated appeal pursuant to Baggett v. Wainwright, 229 So.2d. 239 (Fla.1969).

. A brief recess was apparently taken so that defense counsel could interview the witness.