450 So.2d 606 (1984)
Ralph Z. NAVA, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1685.
District Court of Appeal of Florida, Fourth District.
May 30, 1984.
*607 Laura R. Morrison, Fort Lauderdale (withdrawn as counsel after filing brief), for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James P. McLane, Asst. Atty. Gen., West Palm Beach, for appellee.
ANSTEAD, Chief Judge.
This is an appeal from convictions and sentences for two charges of sexual battery. At issue is the correctness of the trial court's decision that the appellant would not be allowed to present the testimony of a witness whose identity was not disclosed to the state prior to trial in violation of the mutual discovery rules. Although we would ordinarily give strict scrutiny to a trial court's decision to preclude evidence offered by a defendant in a criminal prosecution, we affirm the court's decision here because of appellant's failure to proffer or otherwise sufficiently make a record of the excluded evidence.
Initially, upon being informed of the situation, the trial court ruled that the witness would be allowed to testify if she promptly appeared for questioning before the prosecuting attorney. However, after she failed to appear at the agreed time, the trial court refused to allow her to be called by appellant. The trial court did not bar the testimony of a second witness whose identity had similarly not been properly disclosed because that witness did promptly appear for questioning pursuant to the trial court's ruling concerning both witnesses. The appellant made no attempt to proffer the excluded witness' testimony in support of his claim on appeal that he was prejudiced by the exclusion and the record does *608 not otherwise disclose what her testimony would have been.
The appellant now claims the trial court erred by failing to follow the procedures mandated by the Richardson[1] rule and by imposing the severe sanction of exclusion. In Richardson, the Supreme Court held that the admission of evidence not previously disclosed to the defendant by the state pursuant to the rules of discovery, would require an appellate court to reverse a conviction unless the trial court made an adequate inquiry into all the circumstances surrounding the rules' violation, with the state having the burden of showing to the trial court the lack of procedural prejudice to the defendant by reason of the violation. See also Cumbie v. State, 345 So.2d 1061 (Fla. 1977); Brey v. State, 382 So.2d 395 (Fla. 4th DCA 1980).
The Richardson rule has also been applied by the Florida Supreme Court to defense discovery violations. Bradford v. State, 278 So.2d 624 (Fla. 1973). In Bradford a judgment of conviction was reversed after the trial court refused to allow the testimony of two defense witnesses whose identities had not been properly disclosed to the state prior to trial. The Bradford opinion does not reflect the nature of the evidence to be offered by the witnesses or whether a proffer of their testimony was made. However, Bradford relied for authority on the decision in Wilson v. State, 220 So.2d 426 (Fla. 3d DCA 1969), wherein it was held to be reversible error to exclude a defense witness because of a defendant's right to present evidence in his defense, and because the error in failing to disclose the witness was made by state furnished defense counsel. A proffer of the excluded witness' testimony was made in Wilson and that proffer indicated that the "witness' testimony was contradictory to the testimony of the chief witness for the state... ." Id. at 427.
We applied the Richardson rule to a discovery violation by the defense in Patterson v. State, 419 So.2d 1120 (Fla. 4th DCA 1982). In Patterson, the court excluded the testimony of a defense witness. However, a proffer of that testimony was made so that we were in a position to assess not only the procedural fairness of allowing the defense to call an undisclosed witness, but also the substantive prejudice that might be suffered by the defendant by exclusion of the witness. In fact, as noted in the opinion, the likelihood of substantive prejudice was a major concern to us in concluding that the trial court had erred. We held that the trial court erred by imposing the severe sanction of exclusion of important evidence when weighed against the relatively insubstantial procedural prejudice suffered by the prosecution. We restated that
[t]he primary purpose of t[he] inquiry is to ferret out procedural prejudice occasioned by discovery violations. Smith v. State, 372 So.2d 86, 88 (Fla. 1979). Thus, the trial judge must decide whether the violation hindered or prevented the aggrieved party from properly preparing for trial and may impose a remedy only if a finding of such prejudice is made. .. . If the trial court finds procedural prejudice, it can tailor a just remedial order, but "[r]elevant evidence should not be excluded from the jury unless no other remedy suffices."
Patterson v. State, 419 So.2d at 1123.
To a point, we are now faced with the same situation that was involved in Patterson, Wilson and Bradford. Below, appellant argued that the state was not inconvenienced as it was allegedly made aware of the two defense witnesses through an alleged prior oral agreement. Appellant further claimed that he would be prejudiced by the exclusion, as he viewed the excluded witness' testimony as a necessary predicate for the testimony of that of the second witness. However, the state did not agree with counsel's allegations of a prior oral disclosure, and appellant made no proffer of what the testimony would be, and, in fact, did not even call the other witness.
*609 There is a long-standing rule in Florida that requires the party against whom a ruling of exclusion has been made, to make a proffer of the proposed testimony so that the trial and the appellate courts may be able to evaluate its weight, relevancy and competency in determining the effect of its exclusion. See § 90.104(1)(b), Fla. Stat. (1983); Ketrow v. State, 414 So.2d 298 (Fla. 2d DCA 1982); Green v. Hood, 120 So.2d 223 (Fla. 2d DCA 1960). The basis of the rule is that appellate review of the exclusion of evidence that has not been proffered on the record would require improper speculation as to what the excluded witness would have said as well as what effect, if any, it would have had on the proceedings. This point was effectively expressed by Justice Adkins in a recent supreme court decision rejecting a claim of error in the exclusion of evidence at the sentencing phase of trial in a capital case:
There was no proffer of the attempted testimony after the trial judge excluded it. The purpose of a proffer is to put into the record testimony which is excluded from the jury so that an appellate court can consider the admissibility of the excluded testimony. Reversible error cannot be predicated on conjecture.
Jacobs v. Wainwright, 450 So.2d 200 (Fla. 1984). Applying this rule here, it would appear logical, where it is the defendant who has committed the discovery violation, to place some burden upon him, a burden similar to that placed upon the state under Richardson, to demonstrate not only a lack of substantial procedural prejudice to the state, but also of demonstrating the prejudice he would suffer by exclusion of the witness who would allegedly testify in his favor. Of course, he can hardly demonstrate such prejudice if he fails to disclose on the record the nature of the evidence to be presented by the witness. We must concede that it is difficult for us to reconcile the two relevant, but apparently conflicting, lines of authority and the considerations underlying them: the one mandating the need for an adequate record upon which to properly review the exclusion of evidence, and the second mandating a court inquiry into the complete circumstances of a discovery violation, including the nature of the evidence being offered, before a witness' testimony may be excluded. We realize there are other factors to be considered and that our decision will appear to conflict with established law no matter which way we go.
However, considering the burden of establishing the lack of prejudice that is placed on the state under Richardson, and the obvious necessity under that burden to disclose the nature of the evidence being offered, we believe the better rule to be, and we so hold, that a defendant who fails to proffer or otherwise establish on the record the nature of the testimony of a witness, whose identity has not properly been disclosed to the state, is foreclosed from asserting the exclusion of such witness' testimony as error on appeal. We have also considered the fact that our adversary system of justice is substantially predicated on the responsibility of the parties to object or otherwise alert the trial court when error is claimed and to establish the basis of that error on the record. We, thus, reject the claim of error here.
Nevertheless, in order to grant the appellant an opportunity for further definitive review, and cognizant of our responsibility to follow the law as established by the Supreme Court in the two lines of authority discussed above, we certify the following question as one of great public importance:
Is a defendant required to make a proffer of the testimony of a witness whose testimony is excluded by the trial court by reason of the defendant's failure to disclose the existence of the witness pursuant to the reciprocal rules of discovery prior to trial, before such exclusion may be asserted as reversible error on appeal?
In accordance with the above, the judgment of conviction is hereby affirmed.
AFFIRMED.
*610 HERSEY, J., concurs.
LETTS, J., concurs specially with opinion.
LETTS, Judge, concurring specially.
I concur specially only to comment that a close reading of Richardson reveals that the opinion repeatedly restricts its holding to the transgressions of prosecuting attorneys and nowhere is the question of discovery violations by defendants addressed.
However, I certainly concede the Richardson holding has been expanded to discovery violations by the defense.
NOTES
[1] Richardson v. State, 246 So.2d 771 (Fla. 1971).