570 So.2d 919 (1990)
Tyrone Lloyd BRAZELL, Petitioner,
v.
STATE of Florida, Respondent.
No. 73387.
Supreme Court of Florida.
November 1, 1990.
Rehearing Denied December 19, 1990.
Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., and Celia A. Terenzio, Asst. Atty. Gen., West Palm Beach, for respondent.
*920 GRIMES, Justice.
We review Brazell v. State, 532 So.2d 50 (Fla. 4th DCA 1988), which certified the following question of great public importance:
Is a defendant who fails to proffer or otherwise establish on the record the nature of the testimony of a witness, whose identity has not properly been disclosed to the state, foreclosed from asserting the exclusion of such witness' testimony as error on appeal?
Id. at 50. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Brazell was charged with possession of cocaine with intent to sell and the sale of cocaine. Following voir dire, the following colloquy occurred:
MR. GARLAND [defense attorney]: Your Honor, in an abundance of caution, the defendant's now talking about a witness who wasn't listed as a witness and because he is expressing a desire to call this person as a witness, I can assure the court I wrote letters, I talked to him, I advised him of any person that might be a witness would have to be listed and since he's now talking about another potential witness I'd like the court to inquire of him as personally I've done everything possible to list all witnesses and  and he's talking about another witness now. I just wanted to advise the court because I'm sure the State would object.
MR. YOUNG [prosecutor]: Well, naturally, Judge, I am gonna object. This thing's been going on for months and months now and it just seems the defendant himself just wants to drag his feet here.
MR. GARLAND: I can assure the court I can put letters into  you know, mark them as exhibits.
THE COURT: Mr. Brazell. It's my understanding that there's some question about an additional witness?
THE DEFENDANT: Yes sir. Mr. Terry Taylor, he was in town during the time that all this was going on so I didn't know where he was or how to locate him and I just have recently seen him in town and I have not talked to him about 
MR. YOUNG: What's the name of the witness?
THE DEFENDANT: Terry Taylor. He was in jail, as a matter of fact, I think he had just got out of jail too.
MR. YOUNG: He's been in the Okeechobee County jail, Judge, for months.
THE DEFENDANT: He was one of the persons that was  was talking to Mr. Crowell (phonetic) during the time.
THE COURT: Okay, and you saw him when?
THE DEFENDANT: I seen him recently in town.
THE COURT: How recently? A month ago?
THE DEFENDANT: No sir, it was about  within a week, this week.
THE COURT: But you understand that your attorney has tried to seek out the names of all persons who would be witnesses, and this witness was known to you and has been known to you for some time.
THE DEFENDANT: Right, yes sir, but he was out of town, he had left.
THE COURT: Well, it's up to your counsel to be able to try to locate one if it's possible. The time  the time for listing witnesses has passed, particularly where a witness was known to you earlier. Under the rules you have to make disclosure of witnesses just like the State has to disclose to you the witnesses they have and it's a little late to  to bring up an additional witness at this time.
MR. GARLAND: Tyrone, do you agree that I advised you to list witnesses and tell me who they were?
THE DEFENDANT: Yeah, I  I agree.
MR. GARLAND: Okay. And is  I mean you would've 
THE DEFENDANT: Well, see, he was just off my mind 'cause he wasn't around.
MR. GARLAND: But you knew who he was, you knew that he might be a witness three or four months ago?
THE DEFENDANT: Well, he had 

*921 THE COURT: Any other  any other matters?
MR. GARLAND: Nothing further, Your Honor.
Brazell appealed his conviction on the ground that the court had failed to hold the hearing required by Richardson v. State, 246 So.2d 771 (Fla. 1971). In affirming the conviction, the Fourth District Court of Appeal relied upon its prior decision in Nava v. State, 450 So.2d 606 (Fla. 4th DCA 1984), appeal dismissed, 508 So.2d 14 (Fla. 1987), in which the court had sought to harmonize the requirements of Richardson with the longstanding rule that requires the party against whom a ruling of exclusion has been made to make a proffer of the proposed testimony so that the trial and the appellate courts may be able to evaluate its weight, relevancy, and competency in determining the effect of the exclusion. The Nava court ultimately held:
[C]onsidering the burden of establishing the lack of prejudice that is placed on the state under Richardson, and the obvious necessity under that burden to disclose the nature of the evidence being offered, we believe the better rule to be, and we so hold, that a defendant who fails to proffer or otherwise establish on the record the nature of the testimony of a witness, whose identity has not properly been disclosed to the state, is foreclosed from asserting the exclusion of such witness' testimony as error on appeal.
Id. at 609.
In Richardson, this Court held that when the state seeks to call a witness in violation of the rules of discovery, the trial judge should inquire whether the violation was inadvertent or willful, whether it was trivial or substantial, and what effect the violation had on the ability of opposing counsel to prepare for trial. The same requirements are applicable to a discovery violation by the defendant. Smith v. State, 372 So.2d 86 (Fla. 1979). The failure to hold a Richardson hearing is per se reversible error. Smith v. State, 500 So.2d 125 (Fla. 1986).
The thrust of our decisions is that when a party wishes to call a witness whose name has not been furnished to the other side, the trial judge has no alternative but to make the inquiries required by Richardson. In view of the prophylactic purpose intended to be served by this rule, we believe that it represents an exception to the general principle that one cannot complain of the exclusion of testimony in the absence of a proffer. Thus, we answer the certified question in the negative.
Because the rule places the burden upon the trial judge rather than the parties to initiate the Richardson hearing, the judge must be alerted to the necessity of doing so. In other words, before it can be said that reversible error has automatically occurred because no inquiries were made, there must be a clear showing of the need for a Richardson hearing. It is in this respect that we believe that Brazell has failed to demonstrate reversible error.
From the foregoing colloquy, it appears that Brazell had just informed his attorney about Taylor. There was no suggestion that Brazell's attorney would call Taylor as a witness or that Taylor's presence at the trial could even be obtained. Therefore, at this juncture it would have been difficult, if not impossible, to hold a meaningful Richardson inquiry. Until such time as the defense indicated that it wished to call Taylor as a witness, it could not be said that a discovery violation had occurred. Therefore, any Richardson inquiries were essentially irrelevant. In short, we hold that the foregoing colloquy was insufficient to trigger the necessity of conducting a Richardson hearing.
We disapprove of the decision in Nava and the reliance thereon by the district court of appeal in this case. However, we approve the decision below which affirms Brazell's conviction.
It is so ordered.
SHAW, C.J., and OVERTON, EHRLICH and BARKETT, JJ., concur.
McDONALD, J., concurs in result only.
*922 KOGAN, J., concurs in part and dissents in part with an opinion.
KOGAN, Justice, concurring in part, dissenting in part.
In Richardson, this Court held that a trial court may exercise its discretion to sanction or not sanction the state for its noncompliance with discovery rules only after an adequate inquiry into the surrounding circumstances. Richardson, 246 So.2d at 775 (quoting Ramirez v. State, 241 So.2d 744 (Fla. 4th DCA 1970)). At a minimum, the trial court must inquire whether the violation was inadvertent or wilful, whether it was trivial or substantial, and what effect the violation has had on the ability of opposing counsel to prepare for trial. Id. In Richardson, the error occurred when the state failed to tell defense counsel the name of a state witness, and the court denied the defense's objections on this matter without inquiry.
Later, in the case of Smith v. State, 372 So.2d 86 (Fla. 1979), the Court addressed a Richardson violation by defense counsel, like the one in the present case. The district court opinions under review in Smith are instructive. When first confronted with the issue on appeal, the Second District had recited the following facts:
The prosecutor pointed out the failure of the defense to disclose this witness to the state, and defense counsel candidly admitted that he had inadvertently failed to include Mrs. Smith on the witness list. The state objected to allowing this witness to testify. The defense made no proffer of the witness' testimony, and without further inquiry into the circumstances surrounding the failure to comply with the rule[,] the court sustained the state's objection.

Smith v. State, 353 So.2d 205, 206-07 (Fla. 2d DCA 1977) (emphasis added), appeal after relinquishment of jurisdiction, 359 So.2d 42 (Fla. 2d DCA 1978), quashed, 372 So.2d 86 (Fla. 1979).
Later, when confronted with these same facts, this Court held that the failure to conduct a Richardson inquiry until one year after trial was so serious an error as to require a new trial. Smith, 372 So.2d at 89. In quashing the opinion of the district court, this Court did not hold that the failure of defense counsel to proffer the witness' testimony precluded appellate relief. To the contrary, we effectively held that even in the absence of a defense proffer the error required a new trial. Compare id. with Smith, 353 So.2d at 207.
Clearly, the facts and holding in Smith control the facts of the present case. The trial court below was not empowered to exercise its discretion until it had conducted a Richardson hearing, Richardson, 246 So.2d at 775, and the failure of counsel to proffer the testimony in question did not waive the issue on appeal. Compare Smith, 372 So.2d at 88-89 with Smith, 353 So.2d at 207. This is true whether the Richardson violation is committed by the state or by defense counsel.
Without any analysis, the majority opinion sub silentio recedes from Smith. I do not believe this is sound policy. The issue presented in this case does not involve a failure of the defense to object or make a proffer, but the failure of the trial court to properly exercise its discretion after the state has made its objection. Once a party  whether the state or the defense  has raised an objection, the trial court then is obligated to conduct the Richardson inquiry.
I agree with Smith that failure to do so is an abuse of discretion, whether or not the other party proffers the testimony of the witness in question. Indeed, a proffer may not even be necessary if an adequate inquiry is made into the factors described in Richardson. The error in the present case was precisely that the court failed to conduct even the most rudimentary of Richardson inquiries.
For these reasons, I concur in the negative answer to the certified question and the decision to disapprove Nava. However, I respectfully dissent from that portion of the majority opinion holding that Brazell failed to sufficiently alert the trial court to its obligations under Richardson. This holding is directly contrary to our own prior holding in Smith. Thus, I would *923 quash the opinion below and remand for new trial.