645 So.2d 569 (1994)
William Joseph O'ROURKE, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1073.
District Court of Appeal of Florida, Fifth District.
November 18, 1994.
James B. Gibson, Public Defender, and Susan A. Fagan, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Mrya J. Fried, Asst. Atty. Gen., Daytona Beach, for appellee.
PETERSON, Judge.
The issue of substance raised in this appeal concerns an alleged Richardson[1] violation. William Joseph O'Rourke was convicted of the attempted first degree murder and the attempted kidnapping of his estranged wife. On July 6, 1992, O'Rourke attempted to drive his wife to his home to have sex with her. In her efforts to resist, the wife grabbed the steering wheel of O'Rourke's van and caused a wreck. Shortly after she exited the van, O'Rourke came up behind her with a knife and slit her throat. When O'Rourke was apprehended at his residence the next day, according to the arresting officer, he repeatedly stated that he hoped "she [presumably his wife] died so that he would get the electric chair." Another officer testified that later, at the station, O'Rourke denied having slit his wife's throat but admitted that she wrecked his van and that he had intended to have sex with her, regardless of her consent, because she was his wife.
In Brumley v. State, 500 So.2d 233 (Fla. 4th DCA 1986), rev. denied, 508 So.2d 15 (Fla. 1987), the following question was certified to the Florida Supreme Court as one of great public importance:
IS A NEW TRIAL REQUIRED WHEN THE TRIAL COURT FAILS TO CONDUCT A RICHARDSON INQUIRY WHERE, IN THE OPINION OF THE REVIEWING COURT, EXCLUSION OF DEFENSE EVIDENCE BECAUSE OF A DISCOVERY VIOLATION IS HARMLESS ERROR BEYOND A REASONABLE DOUBT?
*570 The fourth district granted a new trial and the supreme court denied review. State v. Brumley, 508 So.2d 15 (Fla. 1987). But later, in Brazell v. State, 570 So.2d 919 (Fla. 1990), the supreme court noted:
The same requirements are applicable to a discovery violation by the defendant. Smith v. State, 372 So.2d 86 (Fla. 1979). The failure to hold a Richardson hearing is per se reversible error. Smith v. State, 500 So.2d 125 (Fla. 1986).
In the instant case, during trial, the state informed the court of the need for time to depose some of the defendant's witnesses. Defense counsel responded by informing the state and the court of a previously undisclosed witness that he wanted to call to replace an out of state witness that had become unavailable. The following dialogue then took place between defense counsel and the trial court:
THE COURT: Well, this witness that you added today won't be permitted to testify. You've known about this witness for how long?
MR. BOYER: I've known about the existence of this witness when my client brought him to my attention after we were told that 
THE COURT: Give me a time period. How long have you known about this witness?
MR. BOYER: I've known that there was a landlord for at least  at least a month, I've known there was a landlord. However, Mr. O'Rourke gave me the gentleman's name and address after jury selection, Your Honor, and after I informed 
THE COURT: When did you tell [the prosecutor] about it?
MR. BOYER: Just now, Your Honor.
THE COURT: Well, you won't be permitted to call that witness.
MR. BOYER: Your Honor, I would ask that we have a Richardson hearing on that issue to determine 
THE COURT: You just had it.
MR. BOYER: I would request, Your Honor, that we be given an opportunity to voir dire the testimony because, as you are aware, there are three factors that should be considered and I would ask that I be given an opportunity to make a record, Your Honor.
THE COURT: You can make a record, go right ahead.
Later in the proceedings the trial court allowed defense counsel to proffer the testimony of the undisclosed witness, the landlord of the trailer park where O'Rourke lived. The landlord, defense counsel proffered, would have testified that it was the landlord's belief that O'Rourke and his wife, contrary to the wife's statement, were still living together on the date of the attempted murder. The landlord also would have testified that in the several years that the couple had lived at the park he had had no complaints of any violence at the residence. The court found the evidence as to the lack of prior violence at the residence to be irrelevant. The court found that the rest of the evidence tending to show that the husband and wife were on friendly terms would be cumulative. The trial court re-affirmed his earlier decision to disallow the landlord's testimony and defense counsel then put on his case. Witnesses for the defense included a friend of O'Rourke's who testified that while he had seen O'Rourke and his wife in public together he believed they were separated at the time. The next witness, the fiancee of the prior witness, testified that she observed O'Rourke and his wife together at various bars and once at O'Rourke's trailer. This witness testified that she had "no idea they were not living together" and further stated, "[t]hey were still together. I mean, I seen them together." A third witness testified that he observed O'Rourke's wife's pickup truck at O'Rourke's trailer one time between April of 1992 and July of 1992. As the trial court concluded, the landlord's testimony indeed would have been cumulative and tangential at best. The wife herself testified that while she had moved out of the trailer in April, she had been back to the trailer on more than one occasion since then and that she had also met with her husband on occasion at various bars. The landlord's proffered testimony that he believed the wife still lived at the trailer would have added little to O'Rourke's defense, particularly in light of *571 the overwhelming evidence against him. Had no proffer of the landlord's testimony been made, and had no inquiry been made into the nature and circumstances of the defense's discovery violation, a new trial would clearly be required. Smith v. State, 500 So.2d 125 (Fla. 1986); Brazell v. State, 570 So.2d 919, 921 (Fla. 1990). The inquiry that was made by the trial court was clearly insufficient under Richardson. As in Plummer v. State, 454 So.2d 61, 62-63 (Fla. 1st DCA 1984), rev. denied, 461 So.2d 116 (Fla. 1985), "[t]he court made no attempt to ascertain the extent to which the state would be prejudiced, and the court further `made no search for a manner in which to rectify any possible prejudice short of the exclusion.'" Nonetheless, the question remains whether the inquiry and proffer that were made were sufficient to remove this case from the per se reversible rule of Smith. In Brazell v. State, the supreme court addressed the following certified question:
IS THE DEFENDANT WHO FAILS TO PROFFER OR OTHERWISE ESTABLISH ON THE RECORD THE NATURE OF THE TESTIMONY OF A WITNESS, WHOSE IDENTITY HAD NOT PROPERLY BEEN DISCLOSED TO THE STATE, FORECLOSED FROM ASSERTING THE EXCLUSION OF SUCH WITNESS TESTIMONY AS ERROR ON APPEAL?
In answering the question in the negative the supreme court noted that the Fourth District in Nava v. State, 450 So.2d 606 (Fla. 4th DCA 1984), appeal dis'm., 508 So.2d 14 (Fla. 1987) "had sought to harmonize the requirements of Richardson with the long-standing rule that requires the party against whom the exclusion has been made to make a proffer of the proposed testimony so that the trial and the appellate courts may be able to evaluate its weight, relevancy and competency in determining the effect of the exclusion." Brazell, 570 So.2d at 921. The Nava court concluded that a defendant, in order to preserve his Richardson objection, must proffer or otherwise establish on the record the nature of the excluded testimony. The supreme court in Brazell disagreed, concluding:
The thrust of our decisions is that when a party wishes to call a witness whose name has not been furnished to the other side, the trial judge has no alternative but to make the inquiries required by Richardson. In view of the prophylactic purpose intended to be served by this rule, we believe that it represents an exception to the general principle that one cannot complain of the exclusion of testimony in the absence of a proffer.
Brazell at 921. Clearly, under Brazell, a new trial would be required in the instant case had there been no proffer of the testimony of the excluded witness. In the instant case, however, unlike Brazell a proffer was made and the proffer established that the offered testimony was tangential and cumulative. Given that a proffer of the testimony was made and that an inquiry was also made into the willfulness and materiality of the discovery violation, we conclude that this case does not fall under the per se reversible rule imposed for the failure to conduct a Richardson inquiry. Smith v. State, 500 So.2d 125 (Fla. 1986). Because we further conclude there is no reasonable possibility that the testimony of the landlord would have altered the jury's conclusions as to O'Rourke's guilt, we affirm his convictions. Nonetheless, we do certify the following question to the supreme court:
WHERE THE COURT'S INQUIRY INTO THE CIRCUMSTANCES OF A DEFENSE DISCOVERY VIOLATION FAILS TO ADDRESS THE EFFECT, IF ANY, THE VIOLATION HAS ON THE STATE'S ABILITY TO PREPARE FOR TRIAL, BUT A PROFFER IS MADE OF THE EVIDENCE EXCLUDED ON ACCOUNT OF THE VIOLATION, CAN THE PROFFER BE USED BY THE REVIEWING COURT TO DETERMINE THAT THE DEFICIENCY IN THE RICHARDSON HEARING CONDUCTED WAS HARMLESS ERROR?
CONVICTIONS AFFIRMED; QUESTION CERTIFIED.
HARRIS, C.J., concurs.
DIAMANTIS, J., concurs specially in result, with opinion.
*572 DIAMANTIS, Judge, concurring in result.
I concur in the majority opinion's result because an independent ground exists to affirm the trial court's ruling excluding the proffered testimony of O'Rourke's landlord. In excluding the landlord's testimony, the trial court ruled that the proffered testimony was tangential and cumulative. Thus, the trial court did not abuse its discretion in excluding this testimony. Hall v. State, 614 So.2d 473, 476-77 (Fla.), cert. denied, ___ U.S. ___, 114 S.Ct. 109, 126 L.Ed.2d 74 (1993). Because an independent basis exists to sustain the trial court's evidentiary ruling, I find it unnecessary to address the Richardson issue.[1]Cherry v. State, 544 So.2d 184, 186 (Fla. 1989), cert. denied, 494 U.S. 1090, 110 S.Ct. 1835, 108 L.Ed.2d 963 (1990).
NOTES
[1] Richardson v. State, 246 So.2d 771 (Fla. 1971).
[1] Richardson v. State, 246 So.2d 771 (Fla. 1971).