PER CURIAM.
Cecil Mack Thomas was charged by information with assault with intent to commit murder. He was tried by jury, found *546 guilty and sentenced to ten years in the state penitentiary.
Briefly stated, the facts are that Thomas shot Freddy Smart in the back twice while Smart was carrying Jo Ann Myers on his shoulders near her apartment. The evidence showed that Smart had been keeping company with Jo Ann Myers for several years. Cecil Mack Thomas, the defendant, had been dating her for a few weeks. During the trial, Jo Ann Myers testified over defense counsel’s objection that Thomas tried to persuade her to change her testimony :
“A. What was the conversation between me and him? I said he wanted me to change my testimony.
Q. To what?
A. To what he wanted me to say.
Q. What was that?
A. That he didn’t do the shooting or in that manner. He didn’t want — well, I wasn’t supposed to testify to the truth. I was supposed to tell a lie.”
Defense counsel made a motion to strike this testimony which was denied.
Defendant Thomas relies on two grounds for reversal. The first is that the trial court erred in denying his motion to strike Jo Ann Myers’ testimony as to the alleged inculpatory statement, quoted above, where the defendant timely filed a written demand for discovery pursuant to Rule 3.220 RCrP, and the prosecutor failed to comply and disclose such statement and the court failed to inquire into the circumstances surrounding the non-compliance and failed to determine that no prejudice was caused thereby. Rule 3.220 provides in pertinent part that within IS days after written demand by the defendant, the prosecutor shall disclose to defense counsel the substance of any oral statements made by the accused and known to the prosecutor, together with the name and address of each witness to the statement. The rule further provides that the prosecutor is under a continuing duty to disclose. In our opinion, it was error for the court to refuse to strike the testimony as to the inculpatory statement. Viewing the record in its totality, however, considering the overwhelming evidence of guilt adduced from the eye-witnesses and the expert witnesses, the error was harmless and does not warrant reversal.
The second point on appeal is that the trial court erred in denying the defendant’s motion to accept his waiver of trial by jury. We do not agree. Rule 3.260, RCrP, provides that a defendant may in writing waive a jury trial with the consent of the State. In this case, the State failed to consent. Therefore, the ruling of the trial court follows the rule. In Singer v. United States, 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630, it was held that the only constitutional right guaranteed to a defendant is to an “impartial trial by jury.” Neither the United States nor the Florida Constitution confers or recognizes the right of a defendant to have his case tried before a judge without a jury. Article III, § 2 and Amendment VI of the Constitution of the United States; Article I, § 22 of the Constitution of the State of Florida.
Accordingly, the judgment of conviction and sentence is affirmed.