352 So.2d 546 (1977)
Omar Upman ALI, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-1395.
District Court of Appeal of Florida, Third District.
November 29, 1977.
*547 Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Ira N. Loewy, Asst. Atty. Gen., for appellee.
Before HAVERFIELD, NATHAN and KEHOE, JJ.
HAVERFIELD, Judge.
Omar Upman Ali appeals his conviction for criminal mischief (as a lesser included offense of arson for which he was informed against) and first urges as reversible error the failure of the trial court to exclude a key prosecution witness with whom the prosecution conferred in the presence of another witness after the sequestration rule had been invoked.
Prior to voir dire, defense counsel had invoked the witness sequestration. At a subsequent recess, he observed the prosecutor talking with two prosecution witnesses, Mr. Mashburn and Mrs. Aboulafia, and informed the court. The court then inquired of the prosecutor and the witnesses concerning the nature of the conversation. Their corroborating testimony reflected that Mr. Mashburn was unable to see so the prosecutor requested Mrs. Aboulafia, who was seated next to Mr. Mashburn, to read to him the transcript of his testimony at the preliminary hearing to refresh his memory. The prosecutor also admitted that he asked Mr. Mashburn one question as to whether any material at the scene of the fire had later been moved. The court then ruled that Mr. Mashburn and Mrs. Aboulafia would not be disqualified; nevertheless, Mrs. Aboulafia was never called by the prosecution to testify.
The reason for the sequestration rule is to avoid the coloring of a witness' testimony by that which he or she has heard from other witnesses who have preceded him or her on the stand. Spencer v. State, *548 133 So.2d 729, 731 (Fla. 1961). When this rule is violated, a witness may be excluded within the sound discretion of the trial judge. McVeigh v. State, 73 So.2d 694 (Fla. 1954); Spencer, supra. Certainly the purpose of the sequestration rule was in no way frustrated with respect to Mr. Mashburn as a transcript of his own testimony was read to him. Mrs. Aboulafia, the only witness whose testimony could possibly have been colored, never testified.
Defendant also contends that the trial court erred in failing to exclude a statement he made to the arresting officer where the prosecution failed to furnish this statement to defense counsel pursuant to Fla.R.Crim.P. 3.220(a)(1)(iii) although reciprocal discovery had been invoked.
After the trial had commenced, the court granted defense counsel permission to take the deposition of the arresting officer, George Misleh, whom defense counsel had unsuccessfully attempted to serve with a subpoena prior to trial because Misleh had been on vacation. After the deposition, defense counsel informed the court that he had just learned that the defendant had made a statement to Officer Misleh that he (the defendant) had paid for a room at the hotel where the fire bombing had occurred.[1] Thereupon, the court questioned the prosecutor and Officer Misleh about this statement. The prosecutor stated that he had no knowledge of its existence. Officer Misleh testified that he had a telephone conversation with defense counsel one or two weeks before the trial and informed defense counsel that defendant had made statements to him, although he did not discuss the contents; and defense counsel responded that he would take his deposition on the day of trial. The court concluded that defense counsel at least knew that defendant had made statements to Officer Misleh (if not the specific contents). After a further inquiry into the voluntariness of the statement (which is not at issue), the court refused to exclude the statement.
Upon the failure of a party to make a disclosure under the criminal discovery rules after timely invocation, the duty devolves upon the trial court to make adequate inquiry into whether the party's violation of the rule was inadvertent or willful; whether the violation was trivial or substantial; and what effect, if any, it had upon the other party's ability to properly prepare for trial. The court may then exercise its discretion in entering such order as it deems just. Richardson v. State, 246 So.2d 771 (Fla. 1971) and Fla.R.Crim.P. 3.220(j)(1). The record in the case sub judice clearly demonstrates that the court made adequate inquiry into all of the surrounding circumstances, and there appears no abuse of the court's discretion in refusing to exclude the subject statement. Cf. Cooper v. State, 336 So.2d 1133, 1137-39 (Fla. 1976). Further, assuming the failure to exclude the statement was error, we find the error to be harmless in view of the overwhelming evidence of guilt. Cf. Thomas v. State, 328 So.2d 545, 546 (Fla.3d DCA 1976).
Affirmed.
NOTES
[1] Defendant testified at the trial and denied having registered at the hotel.