372 So.2d 217 (1979)
Nathaniel HENDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. LL-22.
District Court of Appeal of Florida, First District.
June 29, 1979.
Michael J. Minerva, Public Defender, and Louis G. Carres, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Charles A. Stampelos, Asst. Atty. Gen., for appellee.
PER CURIAM.
Henderson seeks reversal of his conviction for conspiracy to commit a felony, to wit: the sale or delivery of cocaine urging that (1) hearsay statements of his alleged co-conspirators were improperly admitted at trial because the conspiracy itself had not been established by independent evidence, and (2) the trial court erred in denying his motion for continuance without conducting an adequate Richardson[1] inquiry when it was discovered at trial that the State had violated the discovery rules.
Independent proof of a conspiracy is required before an alleged co-conspirator's hearsay statements made during the pendency of the conspiracy and in furtherance of its objectives are admissible. Briklod v. State, 365 So.2d 1023 (Fla. 1978). We find that the circumstantial evidence coupled with the statements made by appellant were sufficient to establish independent proof of the conspiracy and its members. Accordingly, the hearsay statements of the alleged co-conspirators were properly admitted.
However, we agree that the cause should be reversed because the court failed to conduct a proper inquiry into the State's discovery violation. The State did not disclose the existence and substance of a statement made by Henderson until the day of trial. The inquiry conducted by the trial court was insufficient to satisfy the requirements *218 of Richardson, supra, particularly since the circumstances establishing non-prejudice to Henderson do not affirmatively appear in the record. See McClellan v. State, 359 So.2d 869 (Fla. 1 DCA 1978). Although prejudice may have been averted if a recess had been granted to allow questioning or a deposition of the witness to the statement, the trial court denied Henderson's motion for a continuance.
Since an adequate Richardson hearing was not conducted herein, the cause is reversed and remanded for a new trial. See Smith v. State, 372 So.2d 86 (Fla. 1979).
McCORD, C.J., and BOOTH and MELVIN, JJ., concur.
NOTES
[1] Richardson v. State, 246 So.2d 771 (Fla. 1971).