373 So.2d 377 (1979)
Randy MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 79-229.
District Court of Appeal of Florida, Second District.
July 6, 1979.
Rehearing Denied July 27, 1979.
*378 Jack O. Johnson, Public Defender and Michael S. Becker, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Eula Tuttle Mason, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Miller appeals his conviction for burglary of a dwelling, alleging that the trial court erred by not inquiring into his prejudice from the State's nondisclosure of a rebuttal witness during discovery.
Both parties filed witness lists pursuant to the reciprocal discovery provisions of Fla. R.Crim.P. 3.220. The lists disclosed neither appellant's alibi witness nor appellee's rebuttal witness. Appellant's witness list contained no names. The State did not file a demand for notice of alibi under Fla.R. Crim.P. 3.200. One day before trial, appellant filed a notice of alibi with the addition of a witness named Ruben Smith.
During the presentation of the State's case in chief, a co-defendant testified to appellant's participation with him in the burglary. Thereafter, during the defense's case and without State objection, appellant's alibi witness testified that appellant had stayed with him the evening of the burglary. The State then for the first time indicated that it would present a rebuttal witness to the alibi testimony. Appellant objected because the rebuttal witness was not on the State's witness list. The court denied the objection without inquiry, noting that the alibi witness for appellant had not been disclosed to the State until the day before trial. Appellant then took the stand and testified that he had been with Smith all of the evening in question.
In rebuttal, the State called the wife of the co-defendant who had testified against appellant. She testified that on the evening of the burglary, appellant came by her home and left shortly thereafter in the company of her husband.
Discovery rules apply to rebuttal witnesses. Smith v. State, 319 So.2d 14 (Fla. 1975); Hardison v. State, 341 So.2d 270 (Fla. 2d DCA 1977). However, violation of a rule of procedure does not necessarily require reversal of a conviction unless the record discloses that noncompliance with the rule resulted in prejudice to the defendant. A trial court has discretion to determine whether the noncompliance would result in harm or prejudice to the defendant, but the court's discretion can be exercised only after the court has made an adequate inquiry into all of the surrounding circumstances establishing prejudice or nonprejudice to the defendant and such circumstances must appear affirmatively in the record. Richardson v. State, 246 So.2d 771 (Fla. 1971); see also Smith v. State, supra; Hardison v. State, supra.
We, at one point during the preparation of this opinion, had determined we *379 would remand the matter to the trial court with directions to hold a post-trial Richardson hearing. This procedure would have been in line with our previously held views recited in our decisions relative to the case of Smith v. State, 353 So.2d 205 (Fla. 2d DCA 1977) and 359 So.2d 42 (Fla. 2d DCA 1978). However, and fortunately, during the formation of this opinion, we received from the Supreme Court guidance, directly on point, in the form of a reversal of our stance taken in the aforementioned case.
The Supreme Court in Smith v. State, 372 So.2d 86 (Fla. 1979), reminds us that the failure of a trial court to hold a Richardson hearing at the time the necessity arises is error and post-trial Richardson inquiries cannot cure that error. After considering the logic of the Supreme Court's opinion, we agree and recede from our position in Smith, supra.
Thus, as the record of the case sub judice reveals that no Richardson hearing was held, we find error was committed requiring reversal of appellant's conviction, the setting aside of the judgment of guilt and sentence, as is done, and the case is remanded with directions for a new trial.
REVERSED and REMANDED for new trial.
HOBSON, Acting C.J., and SCHEB, J., concur.