374 So.2d 91 (1979)
James Gregory THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1872.
District Court of Appeal of Florida, Second District.
August 17, 1979.
Robert M. Leen, Hollywood, and Milton E. Grusmark, Miami, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen. Tampa, for appellee.
SCHEB, Judge.
Appellant James G. Thompson was convicted, after jury trial, of possession of over 100 pounds of marijuana. On appeal he contends the trial court erred in allowing the state to introduce, over his objection, a statement that he allegedly made to a marine patrol investigator. Thompson argues that its introduction was error because the state failed to furnish him with the substance of the statement and the name and address of each witness to it pursuant to his timely demand for discovery. We agree and reverse.
On July 6, 1978, the state filed an information charging Thompson with possession of cannabis in excess of 100 pounds in violation *92 of Section 893.03(1)(c), Florida Statutes (1977). Thompson entered a plea of not guilty and two days later filed a demand for discovery under Florida Rule of Criminal Procedure 3.220. He sought to obtain, among other things, the substance of any oral statements made by him and known to the state, together with the name and address of each witness to the statement, as provided by Subsection (a)(1)(iii) of Rule 3.220.[1] The state responded to his demand by saying that it had within its possession or control "written, recorded and/or oral statement of accused" and that the defense could inspect this item at the office of the state's attorney. The state furnished Thompson with the names of eight witnesses who were to testify on behalf of the state. The state, however, did not provide the name or address of any specific witness to whom such a statement had been made, or with the substance of the statement.
Testimony at trial disclosed that investigators spotted a boat at 1:00 a.m. on March 27, 1978, moving at idle speed without lights. The boat was loaded with bales of marijuana. Thompson and another man who were on board were arrested, and advised of their Miranda rights. During the trial the state called Bernard M. Brewer, an investigator for the Florida Marine Patrol to testify as to certain admissions allegedly made by Thompson about four hours after his arrest. Thompson objected on the ground that the state had not complied with discovery rules regarding the statement. The trial judge heard arguments outside the jury's presence. The state pointed out that Thompson had been told that a statement had been made, and argued that, since it had furnished Thompson with the names of its witnesses, it had sufficiently complied with the discovery rules. The trial court concluded that the state, by acknowledging that a statement had been made and by furnishing Thompson with the witness list, had thereby fulfilled its obligation. The court thus overruled Thompson's objection. At that point the jury was returned to the courtroom and Investigator Brewer gave the following testimony in respect to the defendant, Thompson:
Q. What was that that you said to the defendant and what was it that the defendant said to you, Officer?
A. As I entered the room where the subject ... was filling out the affidavit, I spoke to Mr. Thompson. I said, "You have been advised of your rights, correct?" He said, "Yes," and then I said, "Well, do you want to talk now?" He said, "Yes, but it's not going to do any good, because I'm just a little guy."
Q. Did you have a further conversation with him?
A. Yes, sir. I asked him the question, "How far off shore did you go to load up?" He said, "Ten miles." My second question was, "You must have seen us, we had flashlights and we were pointing them on the ground." I said, "You must have seen us, why did you keep coming?" He said, "It was too shallow to turn the boat around." And then, moments later he said he was going to take the suitcase and swim ashore at the point when we were coming around, but, he didn't want the old man to take the rap.
Brewer later testified that shortly after the statements were made to him, he had *93 given information about the admissions to the trial prosecutor.
Once it was shown that the state had violated the provision of Rule 3.220(a)(1)(iii), the trial court should have proceeded to determine whether the violation was inadvertent or wilful, whether it was trivial or substantial, and what effect, if any, it had had upon Thompson's ability to prepare for trial. Richardson v. State, 246 So.2d 771 (Fla. 1971). The trial judge could then have properly and fairly exercised his discretion and entered such order as was just under the circumstances. See Ali v. State, 352 So.2d 546 (Fla. 3d DCA 1977). Such a determination should have been made prior to admission into evidence of the testimony, but certainly no later than submission of the case to the jury. We cannot remand for a posttrial hearing because a determination at that stage is inadequate to satisfy the objectives of a Richardson inquiry. Smith v. State, 372 So.2d 86 (Fla.S.Ct., 1979); Miller v. State, 373 So.2d 377 (Fla. 2d DCA 1979).
We could only speculate on what tactics the defense would have followed or what course the trial would have taken had the state properly complied with Florida Rule of Criminal Procedure 3.220(a)(1)(iii), and had the defense known of Thompson's statement. Although it is possible that Thompson had informed his counsel of the statement, it is also conceivable that he did not because he did not recall making it, or because he failed to understand its significance. In either event, we are unable to assess the prejudicial effect of the state's noncompliance with the discovery rule. Thus, the trial court's failure to make a full inquiry into the circumstances surrounding the state's noncompliance with this discovery rule requires reversal of the conviction, and award of a new trial. Lavigne v. State, 349 So.2d 178 (Fla. 1st DCA 1977).
We have examined Thompson's other points on appeal and we find them to be without merit; however, for the reasons set forth we reverse the judgment of conviction and remand for a new trial.
GRIMES, C.J., and STRICKLAND, J. TIM, Associate Judge, concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.220 provides in pertinent part that:

(1) After the filing of the indictment or information, within fifteen days after written demand by the defendant, the prosecutor shall disclose to defense counsel and permit him to inspect, copy, test and photograph, the following information and material within the State's possession or control:
* * * * * *
(iii) Any written or recorded statement and the substance of any oral statements made by the accused and known to the prosecutor, together with the name and address of each witness to the statement.