383 So.2d 706 (1980)
Thomas Raphael FASENMYER, Appellant,
v.
STATE of Florida, Appellee.
No. NN-366.
District Court of Appeal of Florida, First District.
May 1, 1980.
Rehearing Denied May 28, 1980.
*707 Thomas Raphael Fasenmyer, in pro. per.
Jim Smith, Atty. Gen., Charles A. Stampelos, Asst. Atty. Gen., for appellee.
ERVIN, Judge.
Fasenmyer appeals his convictions for breaking and entering with intent to commit a felony, grand larceny and use of a firearm in commission of a felony. Two of his points on appeal merit reversal for a new trial.
Fasenmyer's first two points on appeal relate to a federal district court's writ of habeas corpus which released him after a previous conviction for these crimes because his previous court-appointed counsel had been constitutionally ineffective. This court had affirmed his earlier conviction. Fasenmyer v. State, 305 So.2d 99 (Fla. 1st DCA 1974), cert. den., 315 So.2d 188 (Fla. 1975). The federal judge cited the former counsel's failure to move to suppress the in-court identification of Fasenmyer by the victim Oltmanns, based on a substantial likelihood of misidentification in circumstances surrounding a photographic display in which Oltmanns picked Fasenmyer's picture out of nine others. The judge also cited former counsel's failure to object to Oltmanns's in-court identification of the gun after Oltmanns had previously picked it out of a display as that used in the burglary. Before the second trial, Fasenmyer's new counsel appropriately moved to suppress the in-court identifications of both Fasenmyer and the gun by Oltmanns. The trial judge, after suppression hearings, denied both motions. Following his conviction, Fasenmyer moved for discharge in the federal district court, arguing that the federal court had decided the issues of admissibility of the in-court identifications and that the state court's determinations were in derogation of the federal court's decision. The federal court denied the motion, stating that its earlier ruling was not res judicata as to whether the in-court identifications were admissible. Here, Fasenmyer again argues that the trial judge erred in failing to suppress Oltmanns's in-court identification of himself and the gun.
We do not agree that either the photographic display or the gun display was unnecessarily suggestive under the rule announced in Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), or that the in-court identifications should have been suppressed. Oltmanns convincingly testified that his in-court identification was free from any alleged pre-trial taint, and was based upon his view of defendant during the burglary.
Next, Fasenmyer argues the trial court erred in denying his motions to cause the state to elect which of the two burglaries was the basis of the information and in permitting evidence of two burglaries. We agree that both burglaries were proper evidence under Counts I and III of the information, which charged two separate crimes.
Nor was there any error in the trial judge's statement outside the presence of the jury concerning the extent to which accomplice witness Van Shrauss could be rehabilitated if the defense elicited certain responses from him on cross-examination,[1] *708 because defense counsel subsequently never questioned Van Shrauss in the presence of the jury to bring about the controversial testimony. We would caution however that the state should not on retrial be allowed to question Van Shrauss generally about other burglaries, and that any such questions should be specifically related to the identity of the gun allegedly used in the Oltmanns' burglary. Thus questions asking whether the defendant and Van Shrauss stole guns during other burglaries are not relevant to any issue concerning the identity of the gun used in the crime charged, and could constitute reversible error.
Finally, the state did not make an objectionable "golden rule" argument during closing.
We agree with Fasenmyer, however, that the trial judge committed error first in allowing the state's witness, and Fasenmyer's accomplice, Van Shrauss, to testify that following the burglary Fasenmyer had threatened to kill him if he went to the police, and second in not conducting a "Richardson inquiry" before allowing the state to present a surprise witness.
As to the former error, while Van Shrauss testified generally to Fasenmyer's involvement in the burglary, his testimony of the alleged threat was simply irrelevant to any fact at issue. Instead it tended only to put Fasenmyer's character in issue, although he did not testify at trial. "[E]vidence of a distinct crime `in no way connected by circumstances with the one' in issue is inadmissible." Williams v. State, 110 So.2d 654, 661 (Fla. 1959). Because we reverse on other grounds for new trial, it is unnecessary to discuss whether this violation of the Williams Rule was harmless error. See Clark v. State, 378 So.2d 1315 (Fla. 3d DCA 1980).
As to the latter error, Fasenmyer offered alibi testimony to show, through his wife and stepdaughter, that at the time he was alleged to have committed the burglary, he was in fact at the dog track with his wife. The wife's testimony to that effect was corroborated by the stepdaughter who stated that she received at home a telephone call from her mother placed at the track. After the defense and the state had stipulated there would be no other witnesses other than one remaining defense witness, the trial judge allowed the jury to adjourn for the day. The next morning, the state, over objection, sought to produce a witness to rebut the stepdaughter's testimony for the purpose of showing the call could not have been made from a public pay phone because none were on the premises. Although the witness's name had not been provided to the defense as required by Fla. R.Crim.P. 3.220, the trial judge, while permitting the testimony, failed to hold an inquiry to determine whether the rebuttal testimony would prejudice the defense, and he also denied the defense motion for a recess to investigate testimony which the witness would give. All witnesses had been released by the trial court the previous evening, and defense counsel was unable to recall Fasenmyer's wife to clarify that the phone call could have been made from many public pay phones across the street from the track. According to the Florida Supreme Court's most recent statement, failure to hold a Richardson inquiry after discovery violations by either the state or the defense is reversible error. Smith v. State, 372 So.2d 86 (Fla. 1979). There appear to be no exceptions to the rule. See Boynton v. State, 378 So.2d 1309 (Fla. 1st DCA 1980); Henderson v. State, 372 So.2d 217 (Fla. 1st DCA 1979); Miller v. State, 373 So.2d 377 (Fla. 2d DCA 1979); Thompson v. State, 374 So.2d 91 (Fla. 2d DCA 1979).
Reversed and remanded for a new trial.
MILLS, C.J., and SHIVERS, J., concur.
NOTES
[1] Outside the presence of the jury, the defense proffered Van Shrauss's testimony to demonstrate that at a pre-trial deposition he had stated the gun used in the crime was stolen from a house he and defendant had burgled. The defense then intended to call the rightful owner of the gun. Ray Hamrick, to testify that his home was burglarized three weeks after the crime in question, thus showing that the gun could not have been used during the Oltmanns' burglary. The state argued however, outside the jury's presence, that Van Shrauss could be questioned about "other burglaries ... he committed with Mr. Fasenmyer... ." The trial judge agreed, stating that if the defense impeached Van Shrauss before the jury, as in the proffer, the state would be able on re-direct to inquire further about the Hamrick burglary and to refresh the witness's recollection about "other burglaries when guns were obtained."