FRANK D. UPCHURCH, Jr., Judge.,
This is an appeal from a judgment of second degree murder and a sentence of life imprisonment. Appellant contends that the trial court erred in failing to give an instruction on third degree murder. He also alleges that the trial court erred in failing to conduct a Richardson[1] inquiry concerning the state’s violation of Florida Rule of Criminal Procedure 3.220. We find no error and AFFIRM.
Appellant was charged with first degree murder and thus was entitled to have the jury advised on all degrees of unlawful homicide. Brown v. State, 124 So.2d 481 (Fla.1960). Had appellant objected, the trial court’s failure to instruct on third degree murder would have been reversible error. See Hunter v. State, 389 So.2d 661 (Fla. 4th DCA 1980).
Here, however, appellant explicitly waived the third degree murder instruction.
*942 In Brown, the supreme court found that failure to instruct on a lesser degree of homicide in the first degree murder trial did not constitute fundamental error requiring reversal even in the absence of a proper objection in the trial court. The court recognized the possibility of fundamental error, stating:
[1]n order to be of such fundamental nature as to justify a reversal in the absence of timely objection the error must reach down to the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.
124 So.2d 484.
Where a defendant has specifically waived an instruction, however, there is no error because the waiver may have been intended as a tactical move, and the court has merely acceded to defendant’s waiver.
Appellant also contends that the court should not have' permitted the testimony of a witness, Wayne Mills, without a Richardson inquiry when the state had failed to comply with the discovery requirements of Florida Rule of Criminal Procedure 3.220(a)(l)(i), which provides:
(a) Prosecutor’s Obligation:
(1) After the filing of the indictment or information, within fifteen days after written demand by the defendant, the prosecutor shall disclose to defense counsel and permit him to inspect, copy, test and photograph, the following information and material within the state’s possession or control:
(i) The names and addresses of all persons known to the prosecutor to have information which may be relevant to the offense charged, and to any defense with respect thereto.
In response to appellant’s demand for discovery, the state supplied him with Mills’ address in Inverness, Florida. The state later learned that Mills was in Ohio and failed to advise the defense of this new information.
In Kilpatrick v. State, 376 So.2d 386 (Fla. 1979), the Florida Supreme Court recognized that rule 3.220 imposes a continuing mandatory duty on the prosecution to disclose the specific, relevant information requested.
In the case before us, the trial court did not specifically announce it was holding a Richardson inquiry but proceeded to make an inquiry into the circumstances surrounding the state’s failure to provide the proper address. The court, in effect, determined that the violation was substantial, declaring: “It appears that he is a very important witness.” The court also concluded that the violation was not willful, stating: “I don’t believe that the state has purposely hidden this witness by any means at all.” The court then permitted appellant’s counsel to depose the witness stating that after the deposition it would consider the appropriate remedy. Following the deposition, the court offered to grant appellant a continuance or even a mistrial. Defense counsel, however, refused these alternatives and demanded that the witness be excluded from testifying at trial. The court denied this request.
Appellant argues that the trial court committed reversible error in failing to conduct an appropriate inquiry. In support of his contention, appellant cites Fasenmyer v. State, 383 So.2d 706, 708 (Fla. 1st DCA 1980), wherein the court stated:
[Fjailure to hold a Richardson inquiry after discovery violations by either the state or the defense is reversible error. Smith v. State, 372 So.2d 86 (Fla.1979). There appear to be no exceptions to the rule. See Boynton v. State, 378 So.2d 1309 (Fla. 1st DCA 1980); Henderson v. State, 372 So.2d 217 (Fla. 1st DCA 1979); Miller v. State, 373 So.2d 377 (Fla. 2d DCA 1979); Thompson v. State, 374 So.2d 91 (Fla. 2d DCA 1979).
See also Kilpatrick v. State at 389.
The factual bases for the holdings in those cases are dissimilar from the case before us. In Fasenmyer, the court not only failed to hold an inquiry to determine whether the testimony would prejudice the defense, it also denied the defense motion for a recess to investigate testimony which *943 the witness would give. All other witnesses had been released and defense counsel was unable to recall Fasenmyer’s wife to rebut some of the witness’ testimony.
In Kilpatrick, the court permitted, without inquiry, an undisclosed rebuttal witness to testify. The trial court ruled that it was not necessary to disclose the names of witnesses who would be used only for rebuttal. On appeal, the court held that failure to conduct the inquiry mandated reversal.
In the case before us, the court was satisfied that appellant was prejudiced and that the omission on the part of the state was not willful. The court then offered the defense an opportunity to depose the witness and offered to continue the trial or to grant a mistrial. Appellant took the afforded opportunity to depose the witness but declined a continuance or mistrial and demanded that the testimony be excluded.
Rule 3.220(j)(l)[2] delineates the sanctions a trial judge may impose. While exclusion of a witness is permitted, it is not mandated. The most important facet of the inquiry is “what effect, if any, did [the failure to disclose] have upon the ability of the defendant to properly prepare for trial.” Richardson at 775. Here the court granted appellant all reasonable opportunity to properly prepare for trial. The breach of rule 3.220 does not entitle a defendant, as a matter of right, to exclude a witness from testifying. As the court stated in Richardson:
The rule [3.220(j)(l)] was designed to furnish a defendant with information which would bona fide assist him in the defense of the charge against him. It was never intended to furnish a defendant with a procedural device to escape justice. Yet such a result would be inescapable if the state’s non-compliance with the rule necessarily required the exclusion of the non-listed witnesses from testifying.
246 So.2d at 774.
AFFIRMED.
ORFINGER and COWART, JJ., concur.

. Richardson v. State, 246 So.2d 771 (Fla.1971).

. This rule provides:
(I) If, at any time during the course of the proceedings, it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or with an order issued pursuant to an applicable discovery rule, the court may order such party to comply with the discovery or inspection of materials not previously disclosed or produced, grant a continuance, grant a mistrial, prohibit the party from calling a witness not disclosed or introducing in evidence the material not disclosed, or enter such other order as it deems just under the circumstances.