BASKIN, Judge.
Defendant McGowan has failed to preserve for review * any error resulting from the trial court’s refusal to- instruct the jury on lesser included offenses pertaining to premeditated or felony murder. Shrum v. State, 401 So.2d 941 (Fla. 5th DCA 1981); Skipper v. State, 400 So.2d 797 (Fla. 1st DCA 1981); Worley v. State, 396 So.2d 1153 (Fla. 2d DCA 1981); Williams v. State, 346 So.2d 554 (Fla. 3d DCA), cert. denied, 353 So.2d 681 (Fla.1977).
Affirmed.

The record reveals that defense counsel indicated his satisfaction with the instructions to be given by the court.
THE COURT: So first, we get the lesser crimes. All right. ‘Introduction to homicide,’ second sentence, second paragraph, ‘Murder in the first-degree includes the lesser crime of manslaughter.’ ‘The lesser crime of manslaughter.’
[ASSISTANT STATE ATTORNEY]: Okay. Right.
THE COURT: ‘Which is unlawful.’
[ASSISTANT STATE ATTORNEY]: Right, and then going down—
THE COURT: Then, we get down to ‘killing was first-degree or manslaughter.’
We strike murder in the second or first degree, whatever we have changed.
All right. I am satisfied with that under the circumstances.
Now, let’s see—
[ASSISTANT STATE ATTORNEY]: Are you satisfied with that Mr. Meadows?
[DEFENSE COUNSEL]: Yes, sir.