MILLS, Judge.
Gandy appeals from his conviction for battery on a law enforcement officer. We affirm.
Gandy's defense was voluntary intoxication. He contended that he could not .form the requisite specific intent because he was drunk. The only evidence controverting this defense was the testimony of Lee, the victim. Lee was recalled by the prosecution as a rebuttal witness and, to defense counsel’s surprise, testified that Gandy did not appear intoxicated when the battery occurred. The trial court denied defense counsel’s subsequent requests to introduce further evidence of intoxication or to continue the trial pending receipt of such evidence.
Citing Fasenmyer v. State, 383 So.2d 706 (Fla. 1st DCA 1980), Gandy argues that the trial court’s denial of these requests was an abuse of discretion and reversible error.
In Fasenmyer, the prosecution violated Florida Rule of Criminal Procedure 3.220 by failing to disclose the name of a witness to the defense. In that circumstance, the trial court should inquire into whether the rebuttal testimony of the previously undisclosed witness would prejudice the defense. Richardson v. State, 246 So.2d 771 (Fla.1971).
Here, however, the prosecution did not violate any procedural rules when it recalled Lee as a rebuttal witness. The defense knew Lee would be a witness for the prosecution and had the opportunity to depose him. The trial court did not abuse its sound discretion in excluding surrebuttal evidence.
The judgment and sentence of the trial court is affirmed.
SHIVERS and ZEHMER, JJ., concur.