531 So.2d 401 (1988)
William REAVES and Ruben A. Soto, Appellants,
v.
STATE of Florida, Appellee.
Nos. 87-1679, 87-1911.
District Court of Appeal of Florida, Fifth District.
September 22, 1988.
*402 James B. Gibson, Public Defender, and Barbara L. Condon, Asst. Public Defender, Daytona Beach, for appellants.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Colin Campbell, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
In this consolidated appeal, William Reaves and Ruben A. Soto challenge their convictions for trafficking in cocaine and possession of a firearm in the commission of a felony. We affirm the convictions of Reaves, but reverse those of Soto.
In Soto's case, the trial court allowed the state to reopen its case after resting in order to call an additional rebuttal witness, one Charles Cannon. This was a witness that was allowed because the state was unaware, prior to trial, that entrapment was an issue. Cannon testified that Soto was involved in a prior drug transaction, testimony which was admissible as tending to show predisposition and thereby disprove entrapment.
After Cannon's testimony, Soto's trial counsel requested the opportunity to present surrebuttal evidence. This was denied by the trial court on the stated basis that "in Florida there is no such thing as surrebuttal."
Surrebuttal testimony is properly admitted in Florida subject to the trial court's discretion. See Davis v. Ivey, 93 Fla. 387, 112 So. 264 (1927); Williams v. State, 487 So.2d 94 (Fla. 3d DCA 1986); Gandy v. State, 440 So.2d 432 (Fla. 1st DCA 1983). In the instant case, however, the trial court exercised no discretion; rather, it simply held that such testimony was improper as a matter of law, regardless of its content. In other words, the trial court failed to recognize discretion existed. This was error. Nonetheless, the state argues the defendant failed to properly preserve the issue for appeal by not proffering the testimony he would have presented as surrebuttal evidence in accordance with Section 90.104(1) of the Evidence Code.[1]
*403 While ordinarily the adversely affected party must proffer the excluded evidence to the court, a proffer is unnecessary where the substance of the excluded testimony is apparent from the context within which it was offered. § 90.104(1), Fla. Stat. (1987). Moreover, a proffer is unnecessary where the offer would be a useless ceremony, where the evidence is rejected as a class, or where the court indicates the proffer would be unavailing. Seeba v. Bowden, 86 So.2d 432 (Fla. 1956); Wright v. Schulte, 441 So.2d 660 (Fla. 2d DCA 1983), review denied, 450 So.2d 488 (Fla. 1984). The aforementioned statement of the trial court judge indicates defendant's proffer would have been unavailing.
In the context of the trial, the defendant's precluded surrebuttal testimony would have been necessarily limited to refuting the state's evidence tending to prove predisposition on the issue of entrapment. Thus, this court is not required to speculate as to the substance of the defendant's testimony. Therefore, the defendant's failure to proffer the testimony is not fatal to his appeal. Because the state's predisposition evidence may have provided the proof needed to disprove entrapment, the trial court's ruling was not necessarily harmless.
The convictions of appellant Reaves are affirmed. The convictions of appellant Soto of trafficking and possession of a firearm are reversed, and Case Number 87-1911 is remanded for a new trial.
ORFINGER and COWART, JJ., concur.
NOTES
[1] Section 90.104(1) states:

(1) A court may predicate error, set aside or reverse a judgment, or grant a new trial on the basis of admitted or excluded evidence when a substantial right of the party is adversely affected and:
(a) When the ruling is one admitting evidence, a timely objection or motion to strike appears on the record, stating the specific ground of objection if the specific ground was not apparent from the context; or
(b) When the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer of proof or was apparent from the context within which the questions were asked.