PER CURIAM.
Appellant, charged in two cases with “unlawful sale or delivery of or unlawful possession with intent to sell or deliver a controlled substance,” in violation of section 893.13(l)(a)l, Florida Statutes (1987), complains that the trial court erred in refusing an instruction on simple possession. We agree that defendant was entitled to an instruction on simple possession as a lesser included offense. See Fla.Std.Jury Instr. (Crim.), Schedule of Lesser Included Offenses (§ 893.13(l)(a), Fla.Stat.); Essex v. State, 539 So.2d 559 (Fla. 4th DCA 1989).
Appellant also complains of the refusal to allow surrebuttal to the defendant to explain apparently impeaching evidence introduced by the state involving the appellant’s prior criminal record. The trial court took the position that surrebuttal was impossible and would not consider the testimony. Without knowing the nature of the proposed testimony we cannot determine whether it would have been an abuse of discretion on the part of the trial court to refuse to allow it, but he should have considered the request on its merits because surrebuttal was within his discretion to allow. Reaves v. State, 531 So.2d 401 (Fla. 5th DCA 1988).
REVERSED and REMANDED.
SHARP, W„ COWART and GRIFFIN, JJ., concur.