THOMPSON, J.
Sharon Theresa Hovik appeals her convictions and sentences for burglary and petit theft. Of the four issues Hovik raises, only one merits a brief discussion.
*1208 The trial court denied Hovik’s request to put on testimony contradicting that of the state’s rebuttal witness. The court incorrectly ruled it did not have the discretion to admit surrebuttal evidence. See Cruse v. State, 588 So.2d 988 (Fla.1991), cert. denied, 504 U.S. 976, 112 S.Ct. 2949, 119 L.Ed.2d 572 (1992); Frazier v. State, 24 Fla. L. Weekly D466, — So.2d -, 1999 WL 71599 (Fla. 4th DCA Feb.17, 1999); Johnson v. State, 570 So.2d 1158 (Fla. 5th DCA 1990). However, we find the error harmless. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). The testimony Hovik sought to impeach concerned her reason for evicting codefendant Robert Nacht from her home. The state’s witness, Nacht’s sister, testified Hovik threw Nacht out for refusing to pay for air conditioning repairs. Hovik and her boyfriend previously had testified she evicted Nacht for stealing her boyfriend’s clothes and for failing to pay rent. On cross-examination, the state’s witness admitted she had heard about the eviction from Nacht and she did not know for a fact that Hovik’s house is equipped with air conditioning. Hovik thereafter sought to present surrebuttal testimony that her home is not air conditioned. This evidence would have been cumulative and within the court’s discretion to exclude. See § 90.403, Fla. Stat.
Finding no other errors, we affirm the convictions and sentences.
AFFIRMED.
ANTOON, C.J., and GRIFFIN, J., concur.