VAN NORTWICK, J.
Lewis Purifoy appeals his convictions for battery on a law enforcement officer and resisting arrest with violence, contending the trial court erred in refusing to allow the surrebuttal testimony of his wife which would have contradicted the testimony of the state’s rebuttal witness, Sergeant Jones. We reverse and remand for a new trial.
Surrebuttal testimony is admissible in Florida to refute new testimony which is brought out by the state’s rebuttal witness. Reaves v. State, 531 So.2d 401 (Fla. 5th DCA 1988); compare Rose v. Madden & McClure Grove Service, 629 So.2d 234, 236 (Fla. 1st DCA 1993)(“If new points are brought out during plaintiffs rebuttal, the defendant may meet them by evidence in rejoinder, otherwise known as surrebuttal.”). The record reflects that the trial court erroneously viewed appellant’s request to present a surrebuttal witness as an impermissible attempt to reopen his case. Accordingly, although recognizing the trial court’s discretion in matters such as this, Frazier v. State, 761 So.2d 337, 340 (Fla. 4th DCA 1999), we are compelled to reverse because the trial court erred as a matter of law when it treated appellant’s request for surrebuttal *823 testimony as a request to reopen his case. Reaves v. State, 531 So.2d at 402. Further, while improper restriction of surre-buttal testimony is subject to a harmless error analysis, Hovik v. State, 737 So.2d 1207, 1208 (Fla. 5th DCA 1999), here the error was not harmless. This was a highly contested case with contradictory testimony. Sergeant Jones’ testimony concerning appellant’s admission, which Mrs. Purifoy would have refuted in her surrebuttal testimony, may well have swayed the jury to return the verdict against appellant. Reaves, 531 So.2d at 403.
REVERSED.
WEBSTER and POLSTON, JJ., CONCUR.